**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LAWRENCE LANE, On Behalf of Himself,
and All Others Similarly Situated,

      Plaintiff,

vs.                                                                                   No. CIV 06-1071 JB/ACT

BARBARA PAGE, SOSIMO PADILLA,
JOE CHAVEZ, JOSIE CASTILLO, CHARLES
PENA, GEORGIA BACA, TROY BENAVIDEZ,
RAY MARES, JR., RANDOLPH SANCHEZ,
WESTLAND DEVELOPMENT CO., INC, and
SUNCAL COMPANIES GROUP,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on: (i) the Director Defendants' Motion to Enforce Statutory Stay, for Protection and to Quash Non-Party Subpoenas, filed December 23, 2008 (Doc. 111); and (ii) the Suncal Companies' and Westland Development Co., Inc.'s Motion to Enforce the PSLRA Stay and to Quash Non-Party Subpoenas, filed December 23, 2008 (Doc. 112). The Court held a hearing on February 6, 2009. The primary issue is whether the Court should enter an order staying all discovery and other proceedings until the Defendants' motions to dismiss Lead Plaintiff Lawrence Lane's Second Amended Complaint have been resolved. Because Lane represents that he will file a Second Amended Complaint, and because some of the Defendants have already filed motions to dismiss in anticipation of Lane filing his Second Amended Complaint, the Court will grant the motions to stay the case. While the Court is staying discovery, there is no need to quash any outstanding subpoenas.

      The plain language of the Private Securities Litigation Reform Act ("PSLRA") requires that

discovery be stayed while a motion to dismiss is pending. The PSLRA provides:

> In any private action arising under this chapter, all discovery and other proceedings <u>shall be stayed</u> during the pendency of <u>any</u> motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B)(emphasis added). The result may be harsh, but Congress has clearly expressed a desire that discovery not proceed in any securities litigation the PSLRA covers until all pending motions to dismiss have been resolved. While the Court understands the rationale animating the cases that Lane has cited, which have allowed discovery to proceed once a complaint has survived at least one motion to dismiss, the Court cannot square those holdings with the language of the statute.

The Court notes, however, that the PSLRA does not place unfettered power into the hands of defendants to stall a case simply by filing a document labeled a motion to dismiss. The language of the PSLRA is mandatory -- "shall be stayed" -- but the choice of words is distinct from the phrasing Congress employed in providing for an automatic stay under the Bankruptcy Code. Under the Bankruptcy Code, "a petition [for bankruptcy] . . . <u>operates as</u> a stay . . . ." 11 U.S.C. § 362(a)(emphasis added). This language makes the petition itself the trigger for the stay. The Court interprets the PSLRA to require the Court to stay discovery while a motion to dismiss is pending, but does not read the statute to automatically stay the case upon the filing of a motion. This reading makes sense. Unlike in bankruptcy situations, the entirety of a securities case will be before a single judge and defendants can bring their pending motions to the court's attention, with the judge retaining the ability to determine whether the filed motion is properly considered a motion to dismiss and not, for instance, a motion for reconsideration.

Here, although the Second Amended Complaint was not filed when the Defendants moved

to enforce a stay, Lane has represented that he will file his Second Amended Complaint. Motions to dismiss this new Complaint are already filed, despite the lack of a formal target. Although the procedural posture is thus somewhat unusual, it is clear that there will soon be an operative Second Amended Complaint and that motions to dismiss that Complaint will be pending. The Court will therefore stay discovery in this case as the PSLRA requires. The Court will not, however, quash any subpoenas that have already been issued.

**IT IS ORDERED** that: (i) the Director Defendants' Motion to Enforce Statutory Stay, for Protection and to Quash Non-Party Subpoenas; and (ii) the Suncal Companies' and Westland Development Co., Inc.'s Motion to Enforce the PSLRA Stay and to Quash Non-Party Subpoenas are granted in part and denied in part. The Court will stay discovery in this case during the pendency of the Defendants' motion to dismiss. The Court will not quash any outstanding subpoenas.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Nicholas Koluncich, III
Law Offices of Nicholas Koluncich
Albuquerque, New Mexico

-- and --

Joe Kendall
Provost Umphrey Law Firm LLP
Dallas, Texas

-- and --

Darren J. Robbins
Brian O. O'Mara
G. Paul Howe
Randall J. Baron
David W. Mitchell
Danielle S. Myers
Coughlin Stoia Geller Rudman & Robbins LLP
San Diego, California

> *Attorneys for the Plaintiffs*

Douglas G. Schneebeck
Brian K. Nichols
Modrall Sperling Roehl Harris & Sisk PA
Albuquerque, New Mexico

> *Attorneys for Defendants Westland Development Company, Inc.*
> *and SunCal Companies Group*

Greg L. Weselka
Evan P. Singer
Lily H. Shanks
Jones Day
Dallas, Texas

> *Attorneys for Defendant SunCal Companies Group*

Juan L. Flores
Sheehan Sheehan & Stelzner
Albuquerque, New Mexico

-- and --

Paul Bessette
Jesse Z. Weiss
Kimberly G. Davis
Yusuf A. Bajwa
Akin Gump Strauss Hauer & Feld LLP
Austin, Texas

> *Attorneys for Defendants Barbara Page, Sosimo Padilla, Joe Chavez,*
> *Josie Castillo, Charles Pena, Georgia Baca, Troy Benavidez,*
> *Ray Mares, Jr., and Randolph Sanchez*

John D. Lovi
Lara E. Romansic
Steptoe & Johnson LLP
New York, New York

-- and --

John T. Neumann
Steptoe & Johnson LLP
Phoenix, Arizona

*Attorneys for non-party D.E. Shaw & Co.*