IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE LANE, On Behalf of Himself,
and All Others Similarly Situated,

       Plaintiff,

vs.                                              No. CIV 06-1071 JB/ACT

BARBARA PAGE, SOSIMO PADILLA, JOE S.
CHAVEZ, JOSIE CASTILLO, CHARLES V. PENA,
GEORGIA BACA, TROY K. BENAVIDEZ, RAY
MARES, JR., RANDOLPH M. SANCHEZ,
WESTLAND DEVELOPMENT COMPANY, INC.,
SUNCAL COMPANIES GROUP, THE D.E. SHAW
GROUP, D.E. SHAW & CO. L.P., D.E. SHAW
REAL ESTATE PORTFOLIOS 1, L.L.C., ("DESCO
REAL ESTATE"), D.E. SHAW & CO., LLC, D.E.
SHAW & CO., INC., D.E. SHAW INVESTMENT
GROUP, LLC, D.E. SHAW & CO. II, INC.,
GEORGE RIZK and ANNE DINNING,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Lead Plaintiff's Opposed Motion to

Strike Certain of the D. E. Shaw Defendants' Affirmative Defenses Pursuant to Rule 12(f), filed

August 9, 2010 (Doc. 221)("First Motion"); and (ii) the Lead Plaintiff's Opposed Motion to Strike

Certain of the Individual Affirmative Defenses Pursuant to Rule 12(f), filed August 10, 2010 (Doc.

223)("Second Motion").  The Court held a hearing on October 12, 2010.  The primary issues are:

(i) whether, pursuant to rule 12(f) of the Federal Rules of Civil Procedure, the Court should strike

affirmative defenses of the DESCO Defendants[1] and of the Individual Defendants[2] (collectively the

---

[1] The DESCO Defendants are Defendants The D. E. Shaw Group, D. E. Shaw & Co. L.P.,
D. E. Shaw Real Estate Portfolios 1, L.L.C., D. E. Shaw & Co., LLC, D. E. Shaw & Co., Inc., D.

"Defendants") for lack of factual specificity; (ii) whether the Court should strike parts of the Defendants' Answers for declining to respond to parts of Lane's Third Amended Complaint for Violation of §§ 14(a) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9 ¶ 1, at 2, filed June 17, 2010 (Doc. 207)("TAC"); and (iii) whether the Court should strike the DESCO Defendants' affirmative defenses that Lane contends are negative defenses.  The Court grants in part and denies in part Lane's motions.

## FACTUAL BACKGROUND

Lane brings this shareholder class action on behalf of himself and the holders of common stock of Westland Development Co. ("Westland"), against Westland, certain of its senior officers and directors, its merger partner, SunCal Acquisition Crop. ("SunCal"), and the DESCO Defendants, who Lane contends were involved in planning, executing, and consummating the SunCal Merger. See TAC ¶ 1, at 2.  Lane alleges that, on or about September 20, 2006, the Defendants mailed to Westland shareholders a Proxy Statement that misrepresented and/or omitted material facts, and that this Proxy Statement was used to obtain shareholder approval of the sale of Westland to SunCal. See TAC ¶¶ 1, 3, at 2; SEC Schedule 14A Definitive Proxy Statement for Westland Development Co., Inc. at 6 (issued September 20, 2006), filed June 17, 2010 (Doc. 206-1)("Proxy Statement"). The Court has summarized the facts of this case and the history of the merger previously, and will not recite them again here.  See Memorandum Opinion and Order at 2-14, filed January 10, 2010 (Doc. 283); Lane v. Page, 581 F. Supp. 2d 1094, 1099-1104 (D.N.M. 2008); Lane v. Page, 649 F.

---

E. Shaw Investment Group, LLC, D. E. Shaw & Co. II, Inc., George Rizk, and Anne Dinning.

   [2] The Individual Defendants are Defendants Barbara Page, Sosimo Padilla, Joe S. Chaves, Josie Castillo, Charles V. Pena, Georgia Baca, Troy K. Benavidez, RayMares, Jr., Randolph M. Sanchez.

Supp. 2d 1256, 1263-68 (D.N.M. 2009).

## PROCEDURAL BACKGROUND

Lane filed his initial Complaint on November 3, 2006, in which he asserted class-action claims under § 14(a) and § 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a through 78oo.  See Complaint for Violation of §§ 14(a) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9, filed November 3, 2006 (Doc. 1).  On September 17, 2007, Lane filed his First Amended Complaint.  See Amended Complaint for Violation of §§ 14(a) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9, filed September 17, 2007 (Doc. 50).  On December 3, 2007, the Defendants filed motions to dismiss the Amended Complaint.  See Motion to Dismiss and Joinder in Director Defendants' Motion to Dismiss, filed December 3, 2007 (Doc. 52); Motion to Dismiss, filed December 3, 2007 (Doc. 53).  The Court granted in part and denied in part those motions on September 15, 2008.  See Order, filed September 15, 2008 (Doc. 81); Memorandum Opinion, filed September 24, 2008 (Doc. 83).

On December 1, 2008, Lane filed a motion to amend his First Amended Complaint.  See Lead Plaintiff's Opposed Motion for Leave to Amend Complaint Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, filed December 1, 2008 (Doc. 105).  The Court granted that motion on February 5, 2010.  See Order Granting Lead Plaintiff's Opposed Motion for Leave to Amend Complaint Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, filed February 5, 2009 (Doc. 144).  Pursuant to the order granting the motion, Lane filed his Second Amended Complaint.  See Second Amended Complaint for Violations of §§ 14(a) and 20(a) of the Securities and Exchange Act of 1934 and SEC Rule 14a-9, filed February 9, 2009 (Doc. 145)("SAC").

On July 15, 2009, Lane filed a motion to amend his SAC.  See Lead Plaintiff's Opposed

Motion for Leave to Amend Complaint Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure (Doc. 176)("Motion to Amend").  On March 31, 2010, the Court issued an Order granting Lane's Motion to Amend.  <u>See</u> Doc. 199.  On June 17, 2010 Lane filed his TAC.

On July 6, 2010, the Individual Defendants filed their Director Defendants' Answer to Third Amended Complaint for Violations of §§14(a) and 20(a) of the Securities Exchange Act of 1934 and Sec Rule 14a-9.  <u>See</u> Doc. 212 ("Individual Defendants' TA").  The Individual Defendants' TA raised eighteen affirmative defenses.  <u>See</u> Individual Defendants' TA at 13-17.  The Individual Defendants declined to respond to a number of allegations on grounds that: (i) allegations in Lane's TAC contain "legal conclusions to which no response is required," Individual Defendants' TA ¶¶ 8-9, 38, 47, 49, 52, 55, 57, 60, at 3, 8-12; (ii) the Proxy Statement "speaks for itself," Individual Defendants' TA ¶¶ 3-4, 6, 12-18, 20-21, 33, 36, 43-44, 47, 49, 52, 55-58, at 1-5, 7-12; and (iii) the allegations were "dismissed by the Court, thus no response is needed," Individual Defendants' TA ¶¶ 39-42, 46, 50-51, at 8-11.

On July 15, 2010, the DESCO Defendants filed their Answer of D. E. Shaw Defendants to Third Amended Complaint for Violation of §§14(a) and 20(a) of the Securities Exchange Act of 1934 and Sec Rule 14a-9.  <u>See</u> Doc. 214 ("DESCO Defendants' TA").  The DESCO Defendants' TA raised thirty-one "affirmative and additional defenses."  DESCO Defendants' TA at 22-30.  The DESCO Defendants declined to respond to a number allegations on grounds that: (i) the allegations in Lane's TAC contain "legal conclusions, which require no response," DESCO Defendants' TA ¶¶ 9, 22-31, 38, 40-42, 56, 60, at 4, 7-9, 11-12, 19; and (ii) the Proxy Statement "speaks for itself," DESCO Defendants' TA ¶¶ 3-4, 12-21(a), 21(b)(i), 37, 39, 40(b), 42-52, 55-58, at 2, 4-6, 10-20. The DESCO Defendants also pled a general denial.  <u>See</u> DESCO Defendants' TA at 1 ("DESCO

-4-

Defendants generally deny all allegations in the Third Amended Complaint, except those specifically admitted below.").

On August 9, 2010, Lane filed his First Motion and his Memorandum of Law in Support of Lead Plaintiff's Opposed Motion to Strike Certain of the D.E. Shaw Defendants' Affirmative Defenses Pursuant to Rule 12(f). See Doc. 222 ("First Memorandum").  On August 10, 2010, Lane filed his Second Motion and his Memorandum of Law in Support of Lead Plaintiff's Opposed Motion to Strike Certain of the Individual Defendants' Affirmative Defenses Pursuant to Rule 12(f). See Doc 224 ("Second Memorandum").  Lane moves the Court, pursuant to rule 12(f) of the Federal Rules of Civil Procedure, for an order striking certain of the D.E. Shaw Defendants' affirmative defenses in their DESCO Defendants' TA.  Lane also moves the Court for an order striking certain of the Individual Defendants' affirmative defenses in their Individual Defendants' TA. Lane contends that both the DESCO Defendants' and the Individual Defendants' affirmative defenses are subject to a motion to strike for two of the same reasons: (i) neither set of Defendants affirmative defenses contain any facts, leaving Lane "to guess as to who, what, when, where, why and how each of the . . . affirmative defenses applies (if at all)," First Motion at 1; Second Motion at 1; and (ii), based on their assertion that the Proxy Statement "speaks for itself" and that the TAC contains legal conclusions which require no response," the Defendants declined to answer a number of paragraphs of the TAC, which Lane contends is not permitted under rule 8(b).  Lane contends that Court should extend the heightened pleading standard the Supreme Court of the United States established in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), to affirmative defenses pled in answers.  Lane also contends that the DESCO Defendants present negative defenses as affirmative defenses.  Lane argues that, because the Defendants' affirmative

defenses are devoid of factual allegations, because the Defendants declined to answer a number of paragraphs in accordance with rule 8, and because the DESCO Defendants assert improper defenses, the Court should strike parts of the Defendants' Answers, or, in the alternative, require the Defendants to provide a more definitive statement of their affirmative defenses.

The Defendants oppose Lane's Motions. On August 26, 2010, the DESCO Defendants filed DESCO Defendants' Response to Lead Plaintiff's Rule 12(f) Motion to Strike Certain Affirmative Defenses. See Doc. 235 ("DESCO Defendants' Response"). The DESCO Defendants argue that their affirmative defenses are sufficient, because affirmative defenses need not provide factual support. They contend that, because defendants have only twenty-one days to respond to a complaint, courts should not hold answers to the same standards as complaints, for which a plaintiff is able to leisurely develop factual support within the statute of limitations -- particularly as defendants risk waiving any affirmative defenses not pled in the answer. Additionally, the DESCO Defendants assert that the Court should not strike their defenses, because those defenses relate to the subject matter of this action and their inclusion in the DESCO Defendants' TA does not prejudice Lane. They further assert that their responses adequately deny Lane's allegations and otherwise conform to rule 8(b)'s pleading standards. The DESCO Defendants contend, therefore, that the Court should deny Lane's First Motion.

On August 27, 2010, the Individual Defendants filed Defendants' Opposition to Lead Plaintiff's Motion to Strike Certain of the Individual Defendants' Affirmative Defenses Pursuant to Rule 12(f). See Doc. 236 ("Individual Defendants' Response"). The Individual Defendants contend that Lane failed to demonstrate that any of the Individual Defendants' responses or affirmative defenses are insufficient as a matter of law or cause him any prejudice, and thus has

failed to overcome the courts' strong disinclination to grant such motions. The Individual Defendants further contend that granting Lane's requested remedy would have essentially no practical effect. Accordingly, the Individual Defendants request that the Court deny Lane's Second Motion or allow the Individual Defendants to file an amended answer.

On September 13, 2010, Lane filed his Reply Memorandum of Law in Further Support of Lead Plaintiff's Opposed Motion to Strike Certain of the D.E. Shaw Defendants' Affirmative Defenses Pursuant to Rule 12(f). See Doc. 244 ("Reply"). That same day, Lane also filed his Reply Memorandum of Law in Further Support of Lead Plaintiff's Opposed Motion to Strike Certain of the Individual Defendants' Affirmative Defenses Pursuant to Rule 12(f). See Doc. 246. Lane reiterated his arguments that the Defendants should be required to provide factual specificity supporting their affirmative defenses. Lane noted that the Defendants have had years to marshal facts supporting their defenses. He argues that the Court should strike the Defendants' affirmative defenses and compel them to answer the TAC in a manner that complies with rule 8.

## LAW REGARDING MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedures provides:

**(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

**(1)** on its own; or

**(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Professors Charles Alan Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied.

The district court possesses considerable discretion in disposing of a Rule 12(f)

motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . . .

5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1382 (3d. ed. 2004)(footnotes omitted). See Burget v. Capital W. Sec., Inc., No. CIV-09-1015-M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009)("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.")(citing Scherer v. U.S. Dep't of Educ., 78 F. App'x 687, 689 (10th Cir. 2003)). "Striking a pleading or part of a pleading is a 'drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored.'" Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)(quoting Burget v. Capital W. Sec., Inc., 2009 WL 4807619, *1). "Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., 2010 WL 132414, at *5 (quoting Bd. of County Comm'rs of the County of La Plata, Colo. v. Brown Group Retail, Inc., Civ. No. 08-CV-00855-LTB, 2009 WL 2514094, at *2 (D. Colo. Aug. 14, 2009)). "The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." Friends of Santa Fe County v. LAC Minerals, Inc., 892 F. Supp. 1333, 1343 (D.N.M. 1995)(Hansen, J.)(quoting Carter-Wallace, Inc. v. Riverton Lab., 47 F.R.D. 366, 368 (S.D.N.Y. 1969))(internal quotation marks omitted).

Professors Wright and Miller have also commented on what constitutes "immaterial" matter

in the context of a motion to strike.  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C C. Wright & A. Miller, <u>supra</u> § 1382 (footnotes omitted).  Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly.  Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." <u>Dubrovin v. The Ball Corp. Consol. Welfare Ben. Plan For Employees</u>, No. 08-CV-00563-WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)(quoting 2 M. Squiers & J. Moore, <u>Moore's Federal Practice</u> § 12.37[2], at 12-128 (3d ed. 2004)).  <u>See Ysais v. N.M. Judicial Std. Comm'n</u>, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)(Browning, J.)("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike.")(citing <u>Searcy v. Soc. Sec. Admin.</u>, 956 F.2d 278, at *1, *4 (10th Cir. Mar 2, 1998)).  "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'" <u>Ysais v. N.M. Judicial Std. Comm'n</u>, 616 F. Supp. 2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

## <u>ANALYSIS</u>

Lane contends that, because the Defendants' affirmative defenses are devoid of factual allegations and assert improper defenses, the Court should strike some of their affirmative defenses in part and require the Defendants to amend their answers.  The Defendants respond that rule 8 does not require them to provide factual support for their affirmative defenses and that their answers adequately respond to Lane's TAC.  The Court declines to extend the heightened pleading standard the Supreme Court established in <u>Bell Atlantic v. Twombly</u> and <u>Ashcroft v. Iqbal</u> to affirmative

defenses pled in answers, because the text of the rules, and the functional demands of claims and defenses, militate against requiring factual specificity in affirmative defenses.  The Court finds, however, that parts of the Defendants' answers are deficient under rule 8, because they mislabel defenses and do not properly respond to Lane's allegations, and the Court orders the Defendants to amend their answers.

**I.       THE COURT DECLINES TO APPLY THE PLEADING STANDARD UNDER BELL ATLANTIC V. TWOMBLY AND ASHCROFT V. IQBAL TO AFFIRMATIVE DEFENSES.**

Lane contends that the Court should strike some of the Defendants' affirmative defenses, because they do not contain factual allegations.  See First Memorandum at 6 ("D.E. Shaw Defendants' affirmative defenses -- specifically, affirmative defenses 2-9, 11, 13-16, 18, 26-31 -- should either be amended to state sufficient facts to put plaintiff on notice of how the defense applies or stricken entirely.");[3] Second Memorandum at 6 ("[T]he Individual Defendants' affirmative defenses -- specifically, affirmative defenses 1-9 and 14-18 -- should either be amended to state sufficient facts to put plaintiff on notice of how the defense applies or stricken entirely.").[4]  Lane

_____

[3] On this basis, Lane challenges the following of DESCO Defendants' affirmative defenses: Second Defense, Mitigation of Damages; Third Defense, Fault of Plaintiff; Fourth Defense, Estoppel; Fifth Defense, Waiver; Sixth Defense, Laches; Seventh Defense, Unclean Hands; Eighth Defense, Consent; Ninth Defense, Ratification; Eleventh Defense, Justification; Thirteenth Defense, Unjust Enrichment; Fourteenth Defense, Actual Knowledge; Fifteenth Defense, Constructive Knowledge; Sixteenth Defense, Assumption of Risk; Eighteenth Defense, Negative Causation/Extraneous Conditions; Twenty-Sixth Defense, Contributing Negligence; Twenty-Seventh Defense, Fault of Third Parties; Twenty-Eighth Defense, Proportionate Liability; Twenty-Ninth Defense, Comparative Fault; and Thirtieth Defense, Public Information.  See DESCO Defendants' TA at 22-29.

[4] On this basis, Lane challenges the following of the Individual Defendants' affirmative defenses: First Defense, Mitigation of Damages; Second Affirmative Defense, Estoppel; Third Affirmative Defense, Waiver; Fourth Affirmative Defense, Ratification; Fifth Affirmative Defense, Unjust Enrichment; Sixth Affirmative Defense, Actual Knowledge; Seventh Affirmative Defense,

asserts that this dearth of information leaves him to "guess as to who, what, when, where, why and how each of the . . . affirmative defenses applies (if at all)."  First Motion at 1; Second Motion at 1. Lane further asserts that the Court should require the Defendants to provide factual support for their affirmative defenses to provide "fair notice to [him] that there is some plausible, factual basis for the assertion[s] and not simply to suggest some possibility that it might apply to the case."  Reply at 1 (quoting Palmer v. Oakland Farms, Inc., Civ. No. 5:10cv00029, 2010 WL 2605179, at *15 (W.D. Va. June 24, 2010).  Lane argues that, without knowing the factual basis of the Defendants' affirmative defenses, he is forced to incur substantial expense on behalf of the class ferreting out the factual predicate, if any, to the affirmative defenses, in addition to preparing his case for trial on the schedule that the Court established.  Under these circumstances, and because "'the decision to grant a motion to strike is within the discretion of the court,'" Lane argues that the Court should strike the factually devoid affirmative defenses from the Defendants' answers and should order them to promptly amend their Answer.

Lane bases his argument in part on the contention that the Court should apply the heightened pleading standard that the Supreme Court established in Bell Atlantic v. Twombly and Ashcroft v. Iqbal to the Defendants' affirmative defenses.  Lane asserts that, while no Courts of Appeals have addressed this question, a majority of district courts that have addressed the question extended the

---

Constructive Knowledge; Eighth Affirmative Defense, Assumption of Risk; Ninth Affirmative Defense, Good Faith; Fourteenth Affirmative Defense, Contributory Negligence; Fifteenth Affirmative Defense, Intervening Causation; Sixteenth Affirmative Defense, Proportionate Liability; Seventeenth Affirmative Defense, Comparative Fault; and Eighteenth Affirmative Defense, Public Information.  See Individual Defendants TA at 13-17.

heightened pleading standard to affirmative defenses,[5] although a minority have rejected application

---

[5] District courts in the following cases have extended Bell Atlantic v. Twombly and Ashcroft v. Iqbal's heightened pleading standard to affirmative defenses: Bradshaw v. Hilco Receivables, LLC, Civ. No. RDB-10-113, 2010 WL 2948181, at *1 (D. Md. July 27, 2010)("[T]he plausibility standard set forth in [Bell Atlantic v. Twombly and Ashcroft v. Iqbal] applies to the pleading of affirmative defenses."); Topline Solutions, Inc. v. Sandler Systems, Inc., Civ. No. L-09-3102, 2010 WL 2998836, at *1 (D. Md. July 27, 2010)("After Twombly and Iqbal, an affirmative defense must be pled in a way that is 'intelligible, gives fair notice, and is plausibly suggested by the facts.'" (citation omitted)); Palmer v. Oakland Farms, Inc., 2010 WL 2605179, at *5-6 ("[T]he considerations of fairness, common sense and litigation efficiency underlying Twombly and Iqbal strongly suggest that the same heightened pleading standard should also apply to affirmative defenses."); Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, No. C 08-04058 MHP, 2010 WL 2507769, at *4 (N.D. Cal. June 22, 2010)("While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses."); Burns v. Dodeka, LLC, Civ. No. 4:09-CV-19-BJ, 2010 WL 1903987, at *1 (N.D. Tex. May 11, 2010)("[A]ffirmative defenses are subject to same pleading standards as complaints and counterclaims" (citation omitted)); On Command Video Corp. v. Roti, No. 09 C 3130, 2010 WL 1752350, at *4 (N.D. Ill. Apr. 30, 2010)("[I]f it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient."); HCRI TRS Acquirer, LLC v. Iwer, No. 3:09 CV 2691, 2010 WL 1704236, at *3 (N.D. Ohio Apr. 28, 2010)("[T]he shared use of the 'short and plain' language -- the essence of the pleading standard -- indicates the pleading requirements for affirmative defenses are the same as for claims of relief."); Carretta v. May Trucking Co., No. 09-158-MJR, 2010 WL 1139099, at *2 (S.D. Ill. Mar. 19, 2010)("Defendant's First Affirmative Defense is insufficient in light of [Bell Atlantic v. Twombly]."); Local 165 v. DEM/EX Group Inc., No. 09-1356, 2010 WL 971811, at *2 (C.D. Ill. Mar. 11, 2010)("This same description -- 'short and plain' -- is used to describe how a complaint must be filed, and it is clear that the phrase means that there must be enough to give the opposing party notice of the basis for the claim or the defense."); OSF Healthcare Sys. v. Banno, No. 08-1096, 2010 WL 431963, at *2 (C.D. Ill. Jan. 29, 2010)("[Bell Atlantic v. Twombly and Ashcroft v. Iqbal] dealt with whether a complaint's allegations satisfied pleading requirements, but their statements seem equally applicable to affirmative defenses, given that affirmative defenses are subject to those same pleading requirements." (citing Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989)("Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure."); Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 649-50 (D. Kan. 2009)("It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. . . . [T]he purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion . . . ."); Sun Microsystems, Inc. v. Versata Enters., Inc., 630 F. Supp. 2d 395, 408 (D. Del. 2009)("[A] court is not required to accept affirmative defenses that are mere 'bare bones conclusory allegations,' and may strike such inadequately pleaded defenses."); Burget v. Capital W. Sec., Inc., No. CIV-09-1015-M, 2009 WL 4807619, at *2 (W.D. Okla. Dec. 8, 2009)("An even-handed

of a heightened pleading standard to affirmative defenses.[6]  Lane asks the Court to adopt the

───────────────────

standard as related to pleadings ensures that the affirmative defenses supply enough information to explain the parameters of and basis for an affirmative defense such that the adverse party can reasonably tailor discovery."); CTF Dev., Inc. v. Penta Hospitality, LLC, No. C 09-02429 WHA, 2009 WL 3517617, at *7-8 (N.D. Cal. Oct. 26, 2009)("[T]h[e] lenient rule [that motion to strike should be granted only if the defense could have no possible bearing on the case] applies to affirmative defenses that are sufficiently pleaded, it is inapplicable to affirmative defenses that are mere statements of legal conclusions with no supporting facts."); Tracy v. NVR, Inc., No. 04-CV-6541L, 2009 WL 3153150, at *7 (W.D.N.Y. Sept. 30, 2009)("[A]ffirmative defenses that contain only 'bald assertions' unaccompanied by supporting facts will be stricken."); Greenheck Fan Corp. v. Loren Cook Co., 2008 WL 4443805, at *1-2 (W.D. Wis. Sept. 25, 2008)("[A] pleading or affirmative defense may be stricken if it fails to give the opposing party fair notice of the defense and the non-moving party's grounds for the claim."); In re Mission Bay Ski & Bike, Inc., Nos. 07 B 20870, 08 A 55, 2009 WL 2913438, at *6 (Bankr. N.D. Ill. Sept. 9, 2009)("Affirmative defenses are pleadings and so are subject to all pleading requirements under the Federal Rules[;] [t]hat means affirmative defenses must meet the notice-pleading standards of Rule 8(a) as the Supreme Court recently interpreted them in [Bell Atlantic v. Twombly and Ashcroft v. Iqbal]" (citations omitted)); Shinew v. Wszola, Civ. No. 08-14256, 2009 WL 1076279, at *3 (E.D. Mich. Apr. 21, 2009)("The Twombly decision also observed that discovery costs required to explore the factual basis for a pleaded claim or defense are a problem."); Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc., Civ. No. 05-CV-0233-WWJ, 2008 WL 4391396, at *1 (W.D. Tex. Sept. 22, 2008)("A defendant must 'plead an affirmative defense with enough specificity or factual particularity to give the plaintiff "fair notice" of the defense that is being advanced.'" (quoting Home Ins. Co. v. Matthews, 998 F.2d 305, 309 (5th Cir. 1993)); Safeco Ins. Co. of Am. v. O'Hara Corp., No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008)("[Bell Atlantic v. Twombly] states a principle that applies also in the context of a defendant asserting an affirmative defense."); Holtzman v. B/E Aerospace, Inc., No. 07-80551-CIV, 2008 WL 2225668, at *2 (S.D. Fla. May 29, 2008)("[Bell Atlantic v. Twombly's] same logic holds true for pleading affirmative defenses -- without alleging facts as part of the affirmative defenses, Plaintiff cannot prepare adequately to respond to those defenses."); United States v. Quadrini, 2007 WL 4303213, at *3-*4 (E.D. Mich. Dec. 6, 2007)("This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a 'reasonably founded hope' of success, cannot be a pleading standard that applies only to plaintiffs."); Home Mgmt. Solutions, Inc. v. Prescient, Inc., No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007)("An affirmative defense is subject to the same pleading requirements as is the complaint."  (quoting Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir.1999)).

     [6] Ameristar Fence Prod., Inc. v. Phx. Fence Co., No. CV-10-299-PHX-DGC, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010)("The Court is of the view that the pleading standards enunciated in Twombly and [Ashcroft v. Iqbal] have no application to affirmative defenses pled under Rule 8(c)."); McLemore v. Regions Bank, No. 3:08-cv-0021, 2010 WL 1010092, at *13 (M.D. Tenn. Mar. 18, 2010)("Twombly and Iqbal did not change the pleading standard for affirmative

majority position and require that the Defendants provide factual support for their affirmative defenses.

The Defendants respond that the Court should not extend the Bell Atlantic v. Twombly and Ashcroft v. Iqbal pleading standard to affirmative defenses, or require them to allege facts in support of their affirmative defenses.  The Defendants contend that it is reasonable and appropriate for courts to impose different requirements on plaintiffs and defendants, because plaintiffs can prepare their complaints over years, limited only by the statute of limitations, whereas defendants have only twenty-one days to file their answers.  See Fed. R. Civ. P. 12(a)(1)(A)(i)("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint . . . .").  Given the time requirements for filing an answer, the Defendants argues that "it is entirely unreasonable on the date defendants' answer is due to expect them to be aware of all the facts necessary to support their affirmative defenses is or even to know for sure whether a particular affirmative defense is applicable."   DESCO Defendants' Response at 1.   Requiring factual allegations supporting affirmative defenses particularly unreasonable, the Defendants argue, because affirmative defenses

---

defenses."); Holdbrook v. SAIA Motor Freight Line, LLC, No. 09-cv-02870-LTB-BNB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010)("[I]t is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given 20 days to respond to a complaint and assert its affirmative defenses."); Charleswell v. Chase Manhattan Bank, N.A., No. 01-119, 2009 WL 4981730, at *4 (D.V.I. Dec. 8, 2009)("[T]he pleading standards articulated in Twombly and Iqbal do not extend to affirmative defenses. . . .   There is no requirement under Rule 8(c) that a defendant 'show' any facts at all."); Romantine v. CH2MHill Eng'rs, Inc., No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009)("This court does not believe that Twombly is appropriately applied to either affirmative defenses under 8(c), or general defenses under Rule 8(b), and declines to so extend the Supreme Court ruling as requested by Plaintiff."); First Nat'l Ins. Co. of Am. v. Camps Servs., No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009)("Twombly's analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable to this motion under Rule 8(c)."); Westbrook v. Paragon Sys., 2007 U.S. Dist. LEXIS 88490, at *2 (S.D. Ala. Nov. 29, 2007)(holding that Bell Atlantic v. Twombly did not extend to rule 8(b) or (c)).

may be waived if they are omitted from an answer.

The Court declines to extend the heightened pleading standard the Supreme Court established in <u>Bell Atlantic v. Twombly</u> and <u>Ashcroft v. Iqbal</u> to affirmative defenses.

> In <u>Ashcroft v. Iqbal</u> and <u>Bell Atlantic Corp. v. Twombly</u>, the Supreme Court moved away from the notice pleading regime that had governed its interpretation of rule 8(a) for fifty years.  The court expressly "retired" the language from <u>Conley v. Gibson</u>, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

P. Julian, Comment, <u>Charles E. Clark and Simple Pleading: Against a "Formalism of Generality"</u>, 104 <u>Nw. U. L. Rev.</u> 1179, 1180 (2010)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The Supreme Court held that, for complaints under rule 8(a), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 555).  "Threadbare recitals . . . supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. at 1949.  "Factual allegations must be enough to raise a right to relief above the speculative level."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 555.

Neither the text of the rules nor the Supreme Court's decisions in <u>Bell Atlantic v. Twombly</u> and <u>Ashcroft v. Iqbal</u> require the Court to extend the pleading standard from those cases to affirmative defenses.  Moreover, the Court concludes that pragmatic concerns weigh against requiring defendants to plead factual allegations supporting affirmative defenses.  The Court thus denies the parts of Lane's Motions that are predicated on requiring factual specificity, particularly as motions to strike are disfavored.  <u>See</u> <u>Lane v. Page</u>, No. 06-CV-1071-JB-ACT, 2010 WL 2854481, at *6 ("[M]otions to strike are generally disfavored . . . ." (quoting <u>Burget v. Capital W. Sec., Inc.</u>, 2009 WL 4807619, at *1)).

**A.    THE TEXT OF RULE 8 DOES NOT REQUIRE DEFENDANTS TO PROVIDE THE FACTUAL BASIS OF AFFIRMATIVE DEFENSES.**

Courts that have addressed whether to apply the heightened pleading standard under Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses have divided on how to interpret rule 8. Courts that have extended Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses have generally based their conclusions on pragmatic consideration rather than textual dictates. For example, in the thoughtfully reasoned and oft-cited Palmer v. Oakland Farms, Inc., the Honorable James G. Welsh, United States Magistrate Judge for the United States District Court of the Western District of Virginia, found extending Bell Atlantic v. Twombly and Ashcroft v. Iqbal was "in no way inconsistent with" the rules:

> [B]y its terms Rule 8(b) makes no mention of facts, only a "short and plain" statement of defenses, and by its terms Rule 8(c) similarly requires no factual showing, only that affirmative defenses be "set forth affirmatively." Compare Rule 8(a)(2) (a pleading that states a claim for relief must contain . . . "a short and plain statement of the claim showing that the pleader is entitled to relief") with Rule 8(b)(1) ("[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it"). . . . [T]he considerations of fairness, common sense and litigation efficiency underlying Twombly and Iqbal strongly suggest that the same heightened pleading standard should also apply to affirmative defenses.

Palmer v. Oakland Farms, Inc., 2010 WL 2605179, at *4 (alteration in original).

Courts that have refused to extend the pleading standard to affirmative defenses, on the other hand, have generally found more support in the text of the rules, reading rule 8(c) as providing distinct requirements for affirmative defenses from the requirements under rule 8(a) and (b). In First National Insurance Company of America v. Camps Services, Ltd., No. 08-cv-12805, 2009 WL 22861 (E.D. Mich. Jan. 5, 2009), the United States District Court for the Eastern District of Michigan stated:

> First National is correct that <u>Twombley</u> [sic] raised the requirements for a well-pled complaint under Fed. R. Civ. P. 8(a)'s "short and plain statement" requirement. Similar, though not identical, language appears in Rule 8(b)'s requirement that a defendant's answer "state in short and plain terms its defense to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). No such language, however, appears within Rule 8(c), the applicable rule for affirmative defenses. As such, <u>Twombley's</u> [sic] analysis of the "short and plain statement" requirement of Rule 8(a) is inapplicable to this motion under Rule 8(c).

<u>First Nat'l Ins. Co. of Am. v. Camps Servs.</u>, 2009 WL 22861, at *2. The United States District Court

for the District of Arizona adopted similar reasoning:

> The pleading of affirmative defenses is governed by Rule 8(c). That rule requires only that a party "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1) (emphasis added). It does not contain the language from Rule 8(a) requiring a "short and plain statement of the claim showing the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2) (emphasis added). Nor does it include the "short and plain terms" language found in Rule 8(b). Fed. R. Civ. P. 8(b)(1)(A); <u>see McLemore v. Regions Bank</u>, Nos. 3:08-cv-0021, 3:08-cv-1003, 2010 WL 1010092, at *12 (M.D. Tenn. Mar.18, 2010) ("Unlike subsections (a) and (b), subsection (c) does not include any language requiring the party to state anything in 'short and plain' terms."). The Court is of the view that the pleading standards enunciated in <u>Twombly</u> and <u>Ashcroft v. Iqbal</u> have no application to affirmative defenses pled under Rule 8(c). See <u>McLemore</u>, 2010 WL 1010092, at * 13; <u>First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.</u>, No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan.5, 2009) (<u>Twombly's</u> "analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable to this motion under Rule 8(c)"); <u>Romantine v. CH2M Hill Eng'rs, Inc.</u>, No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct.23, 2009) ("This court does not believe that <u>Twombly</u> is appropriately applied to either affirmative defenses under [Rule] 8(c), or general defenses under Rule 8(b), and declines to so extend the Supreme Court ruling[.]"); <u>Holdbrook v. SAIA Motor Freight Line, LLC</u>, No. 09-cv-02870-LTB-BNB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010) (declining to apply <u>Twombly</u> and <u>Iqbal</u> to affirmative defenses in part because a defendant is given only 20 days to respond to a complaint and assert its affirmative defenses).

<u>Ameristar Fence Prod., Inc. v. Phx. Fence Co.</u>, No. CV-10-299-PHX-DGC, 2010 WL 2803907, at

*1 (D. Ariz. July 15, 2010).

The Court agrees with the latter cases that rule 8(c), which provides the requirements for

pleading affirmative defenses, does not require factual support. <u>See</u> Fed. R. Civ. P. 8(c)(1)("In

responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ."). The Court does not, however, adopt their reasoning wholesale. Specifically, the Court does not read 8(b) to exclude affirmative defenses, but reasons that rule 8(b)'s text does not include rule 8(a)'s language that demands factual particularity.[7] The plain language of rule 8(b) appears on its face to apply to all defenses. See Fed. R. Civ. P. 8(b)("Defenses; Admissions and Denials. . . . In General. In responding to a pleading, a party must: . . . state in short and plain terms its defenses to each claim asserted against it . . . ."). Because the plain language applies to all defenses, which includes affirmative defenses, the Court reads rule 8(b) to provide additional requirements to those provided under rule 8(c).

> In determining the proper interpretation of a statute, this court will look first to the plain language of a statute and interpret it by its ordinary, common meaning. If the statutory terms are unambiguous, our review generally ends and the statute is construed according to the plain meaning of its words.

Holster v. Gatco, Inc., 130 S. Ct. 1575, 1577 (2010)(citing Tyler v. Douglas, 280 F.3d 116, 122 (2d Cir. 2001)) While rule 8(c) provides additional requirements for affirmative defenses, these additional specific requirements are not contrary to the general requirements for all defenses under rule 8(b), and the "the proper inquiry is how best to harmonize the impact of the two" sections. United States v. Estate of Romani, 523 U.S. 517, 530 (1998).

Although the Court reads rule 8(b) to apply to affirmative defenses, this reading does not

---

[7] In Pollock v. Marshall, 845 F.2d 656 (6th Cir. 1988), the United States Court of Appeals for the Sixth Circuit stated in dicta in a footnote, without citation or reasoning, that "[r]ule 8(b) does not apply when a defendant asserts an affirmative defense, but the defendant in this case did not raise an affirmative defense." 845 F.2d at 657 n.1. The Sixth Circuit also stated in a more recent opinion, however, that rule 8(b)(1) applies to a statute-of-repose defense, which is an affirmative defense similar to a statute-of-limitations defense. See Montgomery v. Wyeth, 580 F.3d 455, 467-68 (6th Cir. 2009). Because the Sixth Circuit does not appear to feel bound by its dicta, the Court will similarly set it aside.

demand that defendants support their affirmative defenses with factual allegations.  Rule 8(a) provides the pleading requirements for complaints, and the Supreme Court interpreted that section when deciding <u>Bell Atlantic v. Twombly</u> and <u>Ashcroft v. Iqbal</u>.  Significantly, the drafters did not use the same text for rule 8(a)(2) and rule 8(b)(1)(A).  Rule 8(a)(2) requires plaintiffs to provide "a short and plain statement of the claim <u>showing</u> that the pleader is <u>entitled</u> to relief," while defendants must "state in short and plain terms its defenses to each claim asserted against it."  Only plaintiffs, and not defendants, are required to "show" that they are "entitled to relief."[8]  In <u>Bell Atlantic v. Twombly</u>, the Supreme Court based its holding that a complaint must provide sufficient factual allegations "to raise a right to relief above the speculative level" on the requirement that plaintiffs "provide the 'grounds' of his 'entitle[ment] to relief'" -- the language that appears in rule 8(a)(2) and not in rule 8(b)(1)(A):

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," <u>Conley v. Gibson</u>, 355 U.S. 41, 47 . . . (1957).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, <u>ibid.</u>; <u>Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.</u>, 40 F.3d 247, 251 (C.A.7

---

[8] Some courts on both sides of the divide have suggested that the appearance of the terms "short and plain" in both rule 8(a) and (b) means that both clauses impose the same pleading requirements.  <u>HCRI TRS Acquirer, LLC v. Iwer</u>, 2010 WL 1704236, at *3 ("[T]he shared use of the 'short and plain' language -- the essence of the pleading standard -- indicates the pleading requirements for affirmative defenses are the same as for claims of relief."); <u>Local 165 v. DEM/EX Group Inc.</u>, 2010 WL 971811, at *2 ("This same description -- 'short and plain' -- is used to describe how a complaint must be filed, and it is clear that the phrase means that there must be enough to give the opposing party notice of the basis for the claim or the defense."); <u>First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.</u>, 2009 WL 22861, at *2 ("[<u>Bell Atlantic v. Twombly</u>] analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable to this motion under Rule 8(c)").  "Short and plain" characterizes <u>how</u> the required substance must be stated, and not <u>what</u> the substance shall be.  The disparate terms that follow "short and plain" dictate the substance, and there is no commonality between those terms.  There is no requirement in the rules that defendants "show[] that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

> 1994), <u>a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"</u>
> <u>requires more than labels and conclusions, and a formulaic recitation of the elements</u>
> <u>of a cause of action will not do,</u> <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 . . . (1986)
> (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion
> couched as a factual allegation").
>
> . . . .
>
>        The need at the pleading stage for allegations plausibly suggesting (not
> merely consistent with) agreement reflects the threshold requirement of <u>Rule 8(a)(2)</u>
> <u>that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled</u>
> <u>to relief."</u>

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 555, 557 (emphasis added).  Similarly, in <u>Iqbal v. Ashcroft</u>

the Supreme Court again relied on rule 8(a)(2)'s entitlement language, stating :

> To survive a motion to dismiss, a complaint must contain sufficient factual matter,
> accepted as true, to "state a claim to relief that is plausible on its face."  [<u>Bell Atl.</u>
> <u>Corp. v. Twombly</u>, 550 U.S.] at 570.  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable inference
> that the defendant is liable for the misconduct alleged.  <u>Id.</u> at 556.  The plausibility
> standard is not akin to a "probability requirement," but it asks for more than a sheer
> possibility that a defendant has acted unlawfully.  <u>Ibid.</u>  <u>Where a complaint pleads</u>
> <u>facts that are "merely consistent with" a defendant's liability, it "stops short of the</u>
> <u>line between possibility and plausibility of 'entitlement to relief.'"</u>  Id. at 557, 127
> S. Ct. 1955 (brackets omitted).

<u>Ashcroft v. Iqbal</u>, 129 S. Ct. at 1949 (emphasis added).

       The forms appended to the rules bolster the Court's analysis that rule 8(b) does not require

defendants to provide factual allegations supporting defenses.  Form 30 provides an example of an

"Answer Presenting Defenses Under Rule 12(b)."  Fed. R. Civ. P. Form 30.  The section titled

"Failure to State a Claim" states, in its entirety: "4.  The complaint fails to state a claim upon which

relief can be granted."  Fed. R. Civ. P. Form 30.  Failure to state a claim is a defense under rule 12

and therefore falls under rule 8(b)'s requirements.  Form 30 provides no factual allegations in

support of the defense, and form 30 is sufficient under the rules.  <u>See</u> Fed. R. Civ. P. 84 ("The forms

in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); 12 C. Wright, A. Miller & R. Marcus, Federal Practice & Procedure, § 3162 (2d ed. 2010)("[I]t is clear that a pleading . . . that follows one of the Official Forms cannot be successfully attacked.")(collecting cases).

Lane asks the Court to read rule 8(b)(1)(A) as stating that a defendant must state in short and plain terms its defenses showing that the pleader is entitled to relief. The Court declines Lane's invitation. The Court thinks the better construction is that the drafters omitted the requirement that defendants "show" that they are "entitled to relief," because the pleading requirements for claims are different than the requirements for defenses. See Boumediene v. Bush, 553 U.S. 723, 778 (2008)("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (citations omitted)); Russello v. United States, 464 U.S. 16, 23 (1983)("We refrain from concluding here that the differing language in the two subsections has the same meaning in each[;] [w]e would not presume to ascribe this difference to a Simple mistake in draftsmanship."). The Court does not believe that the Supreme Court's interpretation of "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" Bell Atl. Corp. v. Twombly, 550 U.S. at 555, should be imputed to a defendant's obligation to provide the "its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A). The Court concludes therefore that, because rule 8(b)(1)(A) does not include the same operative language that requires plaintiffs to provide factual allegations supporting their claims, and because form 30 demonstrates that no factual allegations are required for defendants, the rules do not compel defendants to provide factual support for affirmative defenses.

**B.      FUNCTIONAL DIFFERENCES BETWEEN COMPLAINTS AND AFFIRMATIVE DEFENSES SUPPORT APPLYING DIFFERENT STANDARDS.**

In addition to the rules not compelling defendants to provide factual support for their affirmative defenses, pragmatic considerations militate against such a requirement. The courts that have addressed whether to apply Bell Atlantic v. Twombly and Ashcroft v. Iqbal's pleading standard to affirmative defenses have divided whether factual support for affirmative defenses promotes pleadings' purposes. Courts that apply the pleading standard of Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses reason that factual information is necessary "to give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case." Castillo v. Roche Labs. Inc., No. 10-20876-CIV, 2010 WL 3027726, at *3 (S.D. Fla. Aug. 2, 2010)(quoting Palmer v. Oakland Farms, Inc., 2010 WL 2605179 at *5). The courts reason that, by applying Bell Atlantic v. Twombly and Ashcroft v. Iqbal's plausibility "standard to affirmative defenses, a plaintiff will not be left to the formal discovery process to find out whether the defense exists and may, instead, use the discovery process for its intended purpose of ascertaining the additional facts which support a well-pleaded claim or defense." Palmer v. Oakland Farms, Inc., 2010 WL 2605179, at *5. "[I]n addition to increasing litigation costs, '[b]oilerplate defenses clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery.'" Castillo v. Roche Labs. Inc., 2010 WL 3027726, at *3 (quoting Palmer v. Oakland Farms, Inc., 2010 WL 2605179 at *4). "Consequently, when such defenses are alleged, the Court must address what are often unnecessary motions for summary judgment and extend pretrial conferences in order to narrow the issues." Castillo v. Roche Labs. Inc., 2010 WL 3027726, at *3.

Courts that decline to extend <u>Bell Atlantic v. Twombly</u> and <u>Ashcroft v. Iqbal's</u> pleading standard to affirmative defenses reason that, given the limited time defendants have to file their answers, it is appropriate to impose asymmetric pleading requirements on plaintiffs and defendants. <u>See</u> <u>Holdbrook v. SAIA Motor Freight Line, LLC</u>, WL 865380, at *2 ("[I]t is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given 20 days to respond to a complaint and assert its affirmative defenses."). This reasoning is consistent with the view that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." <u>Lawrence v. Chabot</u>, 182 F. App'x at 456 (quoting 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1274, at 455-56 (2d ed. 1990)). <u>See</u> <u>Davis v. Sun Oil Co.</u>, 148 F.3d 606 (6th Cir. 1998)(refusing to strike an affirmative defense stating that "Plaintiffs' claims are barred by the doctrine of res judicata"); <u>American Motorists Ins. Co. v. Napoli</u>, 166 F.2d 24, 26 (5th Cir. 1948)(stating that an affirmative defense "that simply states that complainant was guilty of contributory negligence, as in the case at bar, is sufficient"). "Rule 8(c) is designed to ensure that a defendant has notice that a particular defense is in play in the case, not necessarily how that defense applies." <u>New Hampshire Ins. Co. v. Marinemax of Ohio, Inc.</u>, 408 F. Supp. 2d 526, 529 (N.D. Ohio 2006) (emphasis added).

The Court believes that cases refusing to extend the pleading standard have the better argument. The functional differences between a complaint and affirmative defenses militate against extending to affirmative defenses the pleading standard the Supreme Court announced in <u>Bell Atlantic v. Twombly</u> and <u>Ashcroft v. Iqbal</u>. While applying the same standard to plaintiffs and defendants may satisfy our sense of consistency and symmetry, <u>see</u> <u>Palmer v. Oakland Farms, Inc.</u>,

No. 5:10cv00029, 2010 WL 2605179 (W.D. Va. June 24, 2010)("[I]t neither makes sense nor is it fair to require a plaintiff to provide defendant with . . . a plausible, factual basis for . . . [his] claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case."), the rules value functionality over formalistic concerns for symmetry. See Comment, supra at 1181 ("Rather than merely reducing the amount of factual detail a plaintiff must furnish in a complaint, above all [the drafters of the rules] sought to defeat the rigid formality that historically plagues pleading requirements.").  Imposing different standards also reflects that "motions to strike are generally disfavored." Lane v. Page, No. 06-CV-1071-JB-ACT, 2010 WL 2854481, at *6 (quoting Burget v. Capital W. Sec., Inc., 2009 WL 4807619, at *1).  Unlike a plaintiff filing a complaint, a defendant asserting an affirmative defense does not bring the jurisdiction of the federal courts to bear on what was previously a private matter.  Moreover, deciding whether a complaint survives a motion to dismiss may determine whether discovery will occur at all, whereas an affirmative defense at most affects the scope of discovery.

Asymmetrical requirements are also reasonable in light of the different requirements that plaintiffs and defendants face when submitting complaints and answer.  Plaintiffs can prepare their complaints over years, limited only by the statute of limitations, whereas defendants have only twenty-one days to file their answers.  See Fed. R. Civ. P. 12(a)(1)(A)(i)("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint . . . .").  Whereas a defendant is deemed to admit the allegations in a complaint if he or she does not respond, a plaintiff may largely ignore an answer without formal legal consequence.  See Fed. R. Civ. P. 55.  Moreover, defendants risk waiving affirmative defenses that are omitted from their answer.  See Fed. R. Civ. P. 12(g)(2), (h)(1)(A).  Consequently, "counsel often plead vast numbers of affirmative

defenses without being sure whether the facts will ultimately support the defenses[;] such pleading is done precisely so that the defenses will be preserved should discovery or further proceedings reveal factual support." Wanamaker v. Albrecht, No. 95-8061, 1996 WL 582738, at *5 (10th Cir. Oct. 10, 1996). For these reasons, whether to grant a motion to strike "is viewed as determinable only after discovery and a hearing on the merits. A court may therefore strike only those defenses so legally insufficient that it is beyond cavil that defendants could not prevail upon them." Friends of Santa Fe County v. LAC Minerals, Inc., 892 F. Supp. at 1343. The Court believes the Defendants should be permitted to seek discovery to develop the "necessary factual background" for their defenses before "a premature evaluation of a [their] defense[s'] merits." Trustees of Local 464A United Food and Commercial Workers Union Pension Fund v. Wachovia Bank, N.A., Civ. No. 09-668 (WMJ), 2009 WL 4138516, at *1 (D.N.J. Nov. 24, 2009). Because a plaintiff can do a lot of pre-filing work, and a defendant generally cannot, there is a sound rationale for requiring more of plaintiffs than of defendants at the pleading stage.

Applying Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses would also invite many more motions to strike, which achieves little. Most civil cases are resolved before trial, and the Court rarely has to deal with most affirmative defenses. Motions to dismiss help resolve cases; motions to strike, in most cases, waste everyone's time. In the case where a motion to strike is useful -- statutes of limitations, some unique defenses -- the issues are largely legal, and the facts are better developed in motion practice than in the pleadings. The Court is thus not convinced, based on the lack of factual allegations,[9] "that there are no questions of fact, that any questions of

_____

[9] The Court's order is without prejudice to Lane's ability to challenge the legal sufficiency of the affirmative defenses. Lane challenges the affirmative defenses only on the question of whether factual allegations are required.

law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." <u>Friends of Santa Fe County v. LAC Minerals, Inc.</u>, 892 F. Supp. at 1343 (quoting <u>Carter-Wallace, Inc. v. Riverton Lab.</u>, 47 F.R.D. at 368)(internal quotation marks omitted).  The Court thus denies Lane's request that it strike the Defendant's affirmative defenses for lack of factual allegations.  For the same reason, the Court also denies Lane's alternative motion for a more definite statement.  Specifically, the Court denies Lane's request to strike the DESCO Defendants' affirmative defenses 2-9, 11, 13-16, 18, and 26-31, and the Individual Defendants' affirmative defenses  1-9 and 14-18. <u>See</u> First Memorandum at 6 ("D.E. Shaw Defendants' affirmative defenses -- specifically, affirmative defenses 2-9, 11, 13-16, 18, 26-31 -- should either be amended to state sufficient facts to put plaintiff on notice of how the defense applies or stricken entirely."); Second Memorandum at 6 ("[T]he Individual Defendants' affirmative defenses -- specifically, affirmative defenses 1-9 and 14-18 -- should either be amended to state sufficient facts to put plaintiff on notice of how the defense applies or stricken entirely.").

## II.     THE DESCO DEFENDANTS ADEQUATELY PLED A FAILURE-TO-STATE-A-CLAIM DEFENSE.

The DESCO Defendants' first affirmative defense states: "The Third Amended Complaint fails to state a claim against DESCO Defendants upon which relief can be granted."  DESCO Defendants' TA at 22.  In addition to attacking the defense as failing to state a factual basis, Lane contends that "[f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's] prima facie case."  First Memorandum at 6 (quoting <u>Barnes v. AT & T Pension Ben. Plan-Nonbargained Program</u>, 2010 WL 2507769, at *6)(internal quotation marks omitted).  Lane argues that this "defense is insufficient as it is no more than a recitation of the standard for dismissal under Rule 12(b)(6) and fails to notify Plaintiff of the deficiencies in the Complaint."  First

Memorandum at 6 (quoting <u>Castillo v. Roche Labs. Inc.</u>, 2010 WL 3027726, at *4 (striking "failure to state a claim" affirmative defense). As such, Lane asserts, this affirmative defense is "both 'unnecessary and inappropriate.'" First Memorandum at 6 (quoting <u>Palmer v. Oakland Farms, Inc.</u>, 2010 WL 2605179, at *6).

The DESCO Defendants respond that the defense is properly pled. They contend that rule 12 requires all defenses to be pled in an answer. <u>See</u> Fed. R. Civ. P. 12(b)("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."). They also contend that their first affirmative defense mirrors form 30 in the appendix to the rules, which, under rule 84, is sufficient as a matter of law.

The Court agrees with the DESCO Defendants, and denies Lane request that it strike DESCO Defendants' first affirmative defense. Again, Form 30 provides an example an example of an "Answer Presenting Defenses Under Rule 12(b)." Fed. R. Civ. P. Form 30. The section titled "Failure to State a Claim" states, in its entirety: "4. The complaint fails to state a claim upon which relief can be granted." Fed. R. Civ. P. Form 30. Because the DESCO Defendants' first affirmative defense is substantively the same as form 30, which is sufficient under the rules, <u>see</u> Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."), the Court finds that the DESCO Defendants' first affirmative defense is adequately pled. The reasons for this defense are better set forth in a rule 12(b)(6) motion rather than at length in the answer.

## III.   **THE COURT STRIKES THE DESCO DEFENDANTS' NEGATIVE DEFENSES.**

Lane contends that the DESCO Defendants' affirmative defenses 21-25 are negative

defenses, not affirmative defenses, because they attack the elements of his prima-facie case.[10]   Lane

argues that the Court should strike the DESCO Defendants' negative defenses without leave to

amend, because they restate the DESCO Defendants' denials of Lane's claims, and they

misrepresent which party bears the burden of proof.   The DESCO Defendants respond that, although

the defenses may be redundant, there is little to be gained by striking them, because they are material

and relevant, and Lane has not shown that the defenses prejudice him.   The DESCO Defendants

assert that the Court should exercise its discretion not to strike the defenses.

"An affirmative defense, under the meaning of Fed. R. Civ. P. 8(c), is a defense that does not

negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements

of the plaintiff's claim are proven."   Roberge v. Hannah Marine Corp., No. 96-1691, 1997 WL

468330, at *3 (6th Cir. Aug. 13, 1997).   "[T]he burden for establishing affirmative

defenses . . . generally lies on the defendant."   Saldana-Sanchez v. Lopez-Gerena, 256 F.3d 1, 5 n.8

(1st Cir. 2001).   See Schleibaum v. Kmart Corp., 153 F.3d 496, 501 (7th Cir. 1998).   "Thus, it is

curious that defendant asserts as affirmative defenses that . . . it need not prove."   Barnes v. AT &

T Pension Ben. Plan-Nonbargained Program, 2010 WL 2507769, at *6.   Courts have held that these

"defenses simply provide a basis to negate an element of [Lanes's] prima facie case for relief and

are restatements of denials present in earlier parts of the complaint.   Accordingly, these affirmative

defenses, which, in fact, are merely rebuttal to plaintiff's claims" should be stricken.   Barnes v. AT

& T Pension Ben. Plan-Nonbargained Program, 2010 WL 2507769, at *6 (striking eight "negative"

---

[10] On this basis, Lane challenges the following of DESCO Defendants' affirmative defenses: Twenty-First Defense, Not False or Misleading; Twenty-Second Defense, No Duty to Disclose; Twenty-Third Defense, Reasonable Belief Regarding the Truth; Twenty-Fourth Defense, Lack of Materiality; and Twenty-Fifth Defense, Lack of Reliance.   See DESCO Defendants' TA at 27-28.

defenses).  See <u>Zivkovic v. S. Cal. Edison Co.</u>, 302 F.3d 1080, 1088 (9th Cir. 2002)("A defense which demonstrates that plaintiff has not met its burden of proof [as to an element plaintiff is required to prove] is not an affirmative defense." (citing <u>Flav-O-Rich v. Rawson Food Service, Inc.</u>, 846 F.2d 1343, 1349 (11th Cir.1988))).

The DESCO Defendants' argument that the Court should not strike the negative defenses because Lane has not shown prejudice is unavailing, because a movant is not required to show prejudice to prevail on a motion to strike.  Rule 12(f) states:

> (f) **Motion to Strike**.  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).  The rule does not require that a movant show prejudice. and the advisory committee notes do not contemplate such a requirement.  Moreover, the United States Court of Appeals for the Ninth Circuit has expressly rejected requiring a movant to show prejudice to prevail on a motion to strike.  See <u>Atlantic Richfield Co. v. Ramirez</u>, 176 F.3d 481, at *2 (9th Cir 1999)("Rule 12(f) says nothing about a showing of prejudice and allows a court to strike material sua sponte.  We decline to add additional requirements to the Federal Rules of Civil Procedure when they are not supported by the text of the rule."  (citations omitted)).

Moreover, the United States Court of Appeals for the Tenth Circuit has not included prejudice among the elements a litigant must show to prevail on a motion to strike.  On the contrary, in <u>Burrell v. Armijo</u>, 603 F.3d 825 (10th Cir. 2010), in which the Tenth Circuit recently affirmed a district court's granting a defendant's motion to strike part of a plaintiff's complaint, the Tenth

Circuit did not require the movant to show prejudice:

> [T]he district court granted the defendants' motion under Fed. R. Civ. P. 12(f) and struck several paragraphs of the complaint.  See Fed. R. Civ. P. 12(f) (authorizing a court to strike any portion of a pleading that is "redundant, immaterial, impertinent, or scandalous").  On appeal, the Burrells argue that the district court erred in granting the motion to strike because the stricken paragraphs are related to their claims.  We have thoroughly reviewed the portion of the complaint at issue and conclude that none of it is relevant to the question of sovereign immunity, the resolution of which moots the parties' appellate arguments on the § 1981 and § 1985 claims.  In addition, the Burrells do not argue that the order prejudiced them in their presentation of evidence at trial.  Accordingly, even if the court erred in striking portions of the complaint -- which we do not suggest -- any error was harmless.

Burrell v. Armijo, 603 F.3d at 836.  Rather than imposing a requirement that the movant show prejudice, the Tenth Circuit discussed prejudice only in regard to the respondent not showing any as a basis for protesting the decision -- a logical inquiry to determine whether the material was "redundant" or "immaterial," because striking non-duplicative, material allegations would likely prejudice a party's ability to present his or her case.

> Professors Wright and Miller assert:
>
> > The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter.  However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.
> >         Thus, it is not surprising that a motion to strike frequently has been denied when the court believes that no prejudice could result from the challenged allegations, even though the offending matter literally is within one or more of the categories set forth in Rule 12(f).

5C C. Wright & A. Miller, supra § 1382 (footnotes omitted).  For support, Wright and Miller cite,

along with a host of district court opinions -- many relying on Wright and Miller for authority -- two opinions from United States Courts of Appeals.  The first is <u>Augustus v. Bd. of Public Instruction of Escambia County, Fla.</u>, 306 F.2d 862, 868 (5th Cir. 1962), in which the United States Court of Appeals for the Fifth Circuit stated:

> A disputed question of fact cannot be decided on motion to strike.  It is true, also, that <u>when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike</u>.  Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits.

<u>Augustus v. Bd. of Public Instruction of Escambia County, Fla.</u>, 306 F.2d at 868 (citing <u>Kinnear-Weed Corp. v. Humble Oil & Refining Co.</u>, 214 F.2d 891, 894 (5th Cir. 1954))(emphasis added).[11]  The Fifth Circuit's opinion limits the consideration of prejudice to cases where the moving party disputes a substantial question of law, and even there suggests that a court considers prejudice at the court's discretion -- stating "the court may."   <u>Augustus v. Bd. of Public Instruction of Escambia County, Fla.</u>, 306 F.2d at 868.  Notably, the Fifth Circuit cited a case where it considered the <u>existence</u> of prejudice in <u>support</u> of granting a motion to strike, which is not logically equivalent to finding the <u>absence</u> of prejudice to be a reason to <u>deny</u> a motion to strike.  Moreover, the Fifth Circuit's opinions addressing the requirements of motions to strike after 1954 do not include prejudice as a requirements.  <u>See</u>, <u>e.g.</u>, <u>Cambridge Toxicology Group, Inc. v. Exnicios</u>, 495 F.3d

---

[11] In <u>Kinnear-Weed Corp. v. Humble Oil & Refining Co.</u>, the Fifth Circuit stated:

The allegations of paragraph 12 have no proper place in the trial or disposition of the other claims upon which the suit is based, and might serve to prejudice the defendant or to prolong the trial.  The district court did not err, therefore, in sustaining the defendant's motion to strike paragraph 12.

214 F.2d at 894.

169, 178 (5th Cir. 2007); <u>Horaist v. Doctor's Hosp. of Opelousas</u>, 255 F.3d 261, 265 (5th Cir. 2001).

Wright and Miller also cite a Ninth Circuit case as purportedly supporting the proposition that "it is not surprising that a motion to strike frequently has been denied when the court believes that no prejudice could result from the challenged allegations, even though the offending matter literally is within one or more of the categories set forth in Rule 12(f)."  Fifth Circuit C. Wright & A. Miller, <u>supra</u> § 1382 & n.11 (citing <u>Idaho Sporting Congress, Inc. v. Alexander</u>, 45 F. App'x 788 (9th Cir. 2002)).  In <u>Idaho Sporting Congress, Inc. v. Alexander</u>, however, the Ninth Circuit found only that the allegations were not redundant.  After rejecting the district court's dismissal of counts one and two under rule 12(b)(6), the Ninth Circuit stated:

> We reject the district court's alternative ruling that counts one and two should be struck as redundant to counts four and five under Federal Rule of Civil Procedure 12(f), <u>as the counts seek to enforce different duties of the Forest Service</u> -- the first two deal with the Forest Service's substantive duty to ensure species viability throughout the forest, and the latter two with the Forest Service's procedural duty to evaluate environmental effects.

<u>Idaho Sporting Congress, Inc. v. Alexander</u>, 45 F. App'x at 792.  The Ninth Circuit does not require movants to show prejudice.  On the contrary, in a more recent opinion the Ninth Circuit has expressly rejected adding a requirement of prejudice to rule 12(f), because the rule does not require prejudice.  In <u>Atlantic Richfield Co. v. Ramirez</u>, the Ninth Circuit held:

> We affirm the district court's decision striking the fourth and fifth counterclaims seeking declaratory relief under the PMPA.  These counterclaims were duplicative of Arco's declaratory action. <u>See</u> Fed. R. Civ. P. 12(f) (authorizing district courts to strike from the pleadings "any redundant, immaterial, impertinent, or scandalous matter").  <u>We reject Ramirez' contention that we should require the moving party to demonstrate prejudice in order to justify striking redundant material. Rule 12(f) says nothing about a showing of prejudice and allows a court to strike material sua sponte. We decline to add additional requirements to the Federal Rules of Civil Procedure when they are not supported by the text of the rule.</u>  <u>See</u> In re Glenfed[, Inc. Securities Litigation], 42 F.3d [1541,] 1546 [(9th Cir. 1994)("We are not permitted to add new requirements to Rule 9(b) simply because we like the effects of doing

so.").

<u>Atlantic Richfield Co. v. Ramirez</u>, 176 F.3d 481, at *2.

The Court agrees with the Ninth Circuit that it should not add a requirement that the drafters did not place there, and that the Supreme Court and Congress did not ratify.  While requiring prejudice may eliminate needless motions to strike that seek only to beautifying the pleadings for their own sake without benefit to the parties, <u>cf.</u> Comment, <u>supra</u> at 1184-84 ("[The drafters] argued that lawyers' energies were better devoted to 'the actual work of trial and decision,' rather than the 'beautifying of the pleadings.'"  (quoting Charles Clark, <u>The New Federal Rules of Civil Procedure: The Last Phase -- Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure</u>, 23 <u>A.B.A. J.</u> 976, 977 (1937)), the rules do not require a showing of prejudice, and the Court is "not permitted to add new requirements to Rule [12(f)] simply because we like the effects of doing so." <u>In re GlenFed, Inc. Securities Litigation</u>, 42 F.3d at 1546.  Consequently, the Court will not require that a movant show prejudice to prevail on a motion to strike.[12]

---

[12] Relying on Wright and Miller, the Court previously stated that "[r]ule 12(f) motions to strike . . . should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." <u>Lane v. Page</u>, 727 F. Supp. 2d 1214 (D.N.M. 2010)(Browning, J.)(citing C. Wright & A. Miller, <u>supra</u> § 1382).  In that opinion, the Court denied the movant's motion to strike, relying in part on a lack of prejudice.  On the other hand, the major thrust of the Court's opinion was that the allegations -- even though they did not support a cause of action -- still might have some relation to the case.  The Court stated:

> The only basis that the Director Defendants assert for striking the contested factual allegations is that the allegations are "immaterial."  While the Court has found that certain of the alleged facts are not material, the Court's assessment had to do with whether the alleged facts were material to shareholders and not whether the facts were material to the suit generally.

> . . . .

## IV.    **THE COURT STRIKES THE DEFENDANTS PRESERVATION OF DEFENSES**.

The DESCO Defendants' thirty-first affirmative defense states that the "DESCO Defendants presently have insufficient knowledge and information upon which to form a belief as to whether they have additional, as yet unstated, affirmative defenses available," and therefore "reserve the right to assert additional affirmative defenses." DESCO Defendants TA at 30. Similarly, the Individual Defendants' TA states that the "Individual Defendants reserve the right to assert additional affirmative defenses." Individual Defendants TA at 17. Lane argues that the "assertion by the defendants of a reserved right to rely upon unpleaded defenses is simply not a defense of any kind, much less an affirmative one." First Memorandum at 9 (quoting Palmer v. Oakland Farms, Inc., 2010 WL 2605179, at *6)(internal quotation marks omitted). Lane further contends that the

---

Here, the factual allegations are related to the suit, even if they do not independently establish a theory of recovery. They deal with purported dishonesty in the course of developing and issuing a proxy statement, and in convincing shareholders to vote in favor of a merger, which is what the case is about. Furthermore, the Director Defendants do not put forth any prejudice that those allegations will cause them, other than Lane being permitted discovery on them. If Lane is able to clear the hurdles of the PSLRA and the Federal Rules of Civil Procedure by pleading a valid claim, he should be allowed to use discovery to probe further into all of the ways in which he alleges that the Defendants' conduct was fraudulent. Discovery is not, under the rules at least, strictly limited to the claims, but to evidence that might reasonably lead to admissible evidence of the asserted claims. The facts pled thus have some connection to the case and do not unduly prejudice the Director Defendants. The Court therefore will not strike the challenged facts, nor will it deny the motion for leave to amend on condition that Lane delete them from the Third Amended Complaint.

Lane v. Page, 727 F. Supp. 2d 1214. The Court found, contrary to the basis for the motion to strike, that the allegations were not immaterial, but were related to the suit and may reasonable lead to admissible evidence. Although the Court noted that the Individual Defendants had not shown prejudice, that was an alternative basis for denying the motion to strike. Consequently, the Court's refinement of its understanding the requirements to prevail on a motion to strike would not have produced a different outcome in its earlier opinions in this case.

statements are needless, because, "[i]f a new affirmative defense is revealed during the pretrial discovery process[,] Rule 15(a) permits the defendants to seek leave to amend their answer to assert the defense, and such leave will be liberally granted unless the amendment would somehow cause unfairly prejudice."  First Memorandum at 9 (quoting Palmer v. Oakland Farms, Inc., 2010 WL 2605179, at *6)(internal quotation marks omitted).  He also contends that, having more than four years to review the allegations in his complaints, the Defendants should have sufficient knowledge and information to state their defenses.

The DESCO Defendants respond that, "although the reservation in the DESCO Defendants' 31st defense of as yet unpled defenses may not be 'a defense of any kind, much less an affirmative one,' [Lane] has shown no prejudice of any kind to his claim for relief resulting from inclusion of this statement in the answer."  DESCO Defendants' Response at 11.  Similarly, the Individual Defendants contend that Lane fails to show he suffered any prejudice from the preservation of defenses.

Again, "[a]n affirmative defense, under the meaning of Fed. R. Civ. P. 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven."  Roberge v. Hannah Marine Corp., 1997 WL 468330, at *3.  "A reservation of unpled defenses is not a defense of any kind, much less an affirmative one." Mission Bay Ski & Bike, 2009 WL 2913438, at *5.  See Palmer v. Oakland Farms, Inc., 2010 WL 2605179, at *6 ("[A] reserved right to rely upon unpleaded defenses is simply not a defense of any kind, much less an affirmative one.").  The Court therefore strikes DESCO Defendants' affirmative defense 31 and Individual Defendants' affirmative defense 18.  For the reasons discussed above, the Defendants' contention that Lane has not shown he suffered prejudice is an unavailing response to

a motion to strike.

## V.   THE COURT REQUIRES THE INDIVIDUAL DEFENDANTS TO AMEND THEIR ANSWER TO COMPLY WITH RULE 8(b).

The Defendants declined to respond to some of Lane's allegations, contrary to the requirements of rule 8(b).  In the DESCO Defendants' TA, the DESCO Defendants declined to respond to a number allegations on grounds that: (i) the allegations in Lane's TAC contain "legal conclusions, which requires no response," DESCO Defendants' TA ¶¶ 9, 22-31, 38, 40-42, 56, 60, at 4, 7-9, 11-12, 19; and (ii) the Proxy Statement "speaks for itself," DESCO Defendants' TA ¶¶ 3-4, 12-21(a), 21(b)(i), 37, 39, 40(b), 42-52, 55-58, at 2, 4-6, 10-20.  The DESCO Defendants also pled a general denial.  See id. at 1 ("DESCO Defendants generally deny all allegations in the Third Amended Complaint, except those specifically admitted below.").  Similarly, in the Individual Defendants' TA, the Individual Defendants declined to respond to a number allegations on grounds that: (i) allegations in Lane's TAC contain "legal conclusions to which no response is required," Individual Defendants' TA ¶¶ 8-9, 38, 47, 49, 52, 55, 57, 60, at 3, 8-12; (ii) the Proxy Statement "speaks for itself," Individual Defendants' TA ¶¶ 3-4, 6, 12-18, 20-21, 33, 36, 43-44, 47, 49, 52, 55-58, at 1-5, 7-12; and (iii) the allegations were "dismissed by the Court, thus no response is needed," Individual Defendants' TA ¶¶ 39-42, 46, 50-51, at 8-11.  Unlike the DESCO Defendants, the Individual Defendants did not plead a general denial.  Lane contends that these responses do not comply with rule 8, because they do not admit, deny, or claim insufficient knowledge or information to form a belief about the truth of Lane's allegations.

The DESCO Defendants respond that, because they filed an general denial, they "*have* denied the allegations in each of the paragraphs that Lead Plaintiff takes issue with, including the paragraphs in which the DESCO Defendants note that the allegation in the complaint is actually a

legal conclusion." DESCO Defendants' Response at 13 (emphasis in original). The DESCO Defendants contend that, consequently, there is no point in requiring them to "amend their answer to include an 'outright denial' when they already have denied all of the allegations in the complaint not specifically admitted." DESCO Defendants' Response at 13. The Individual Defendants offer a similar argument, contending that, "[a]t this point, the Individual Defendants would have no choice but to deny any allegation they did not already admit," rendering amendments to their answer a futile exercise. Individual Defendants' Response at 8. Lane replies that DESCO's reliance on a boilerplate and "general denial" in the Answer's introduction does not absolve it of its obligation to specifically address and properly answer each of his allegations.

The Court agrees that the Defendants' responses do not comply with rule 8(b), but only the Individual Defendants must amend their Answer. Rule 8 requires defendants responding to a complaint to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). An allegation of the complaint is admitted if "a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). In addition to a denial or admission, a party may also respond that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation," which has the effect of a denial. Fed. R. Civ. P. 8(b)(5). Rule 8(b) therefore permits only three possible responses to a complaint: (1) admission; (2) denial; or (3) a disclaimer statement in compliance with Rule 8(b)'s provision for lack of knowledge or information, which is deemed a denial. One way a defendant may comply with these requirements is through a general denial. Rule 8(b)(3) provides:

> General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading -- including the jurisdictional grounds -- may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those

specifically admitted.

Fed. R. Civ. P. 8(b)(3).

Defendants must respond to all of a plaintiff's allegations. <u>See</u> Fed. R. Civ. P. 8(b)(1)(B)("In responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party."). Responses that documents speak for themselves and that allegations are legal conclusions do not comply with rule 8(b)'s requirements. <u>See Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.</u>, Nos. 07-CV-1047, 08-CV-0245, 2008 WL 5377712, at *1-2 (E.D. Wis. Dec. 22, 2008)("Rule 8 does not permit a defendant to respond only by stating that the plaintiff's allegations "constitute conclusions of law." . . . Similarly, Rule 8 does not permit a defendant to respond that the document 'speaks for itself.'" (quoting <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001).); <u>N. Ind. Metals v. Iowa Exp., Inc.</u>, No. 2:07-CV-414-PRC, 2008 WL 2756330, at *3 (N.D. Ind. July 10, 2008)("[A] responsive pleading indicating that a document 'speaks for itself' is insufficient and contrary to the Federal Rules of Civil Procedure."); <u>Rudzinski v. Metropolitan Life Ins. Co.</u>, Case No. 05 C 0474, 2007 WL 2973830, at *4 (N.D. Ill. Oct. 4, 2007)(stating that a defendant may not simply employ "summarizing language" and then state, "essentially, that the terms of the referenced documents speak for themselves."); <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001)("Another regular offender is the lawyer who takes it on himself or herself to decline to respond to an allegation because it 'states a legal conclusion.' That of course violates the express Rule 8(b) requirement that all allegations must be responded to."). "Indeed, legal conclusions are an 'integral part of the federal notice pleading regime. Therefore, legal conclusions must be addressed in one of the three ways contemplated by Rule 8.'" <u>Thompson v. Ret. Plan for Employees</u>

of S.C. Johnson & Sons, Inc., 2008 WL 5377712, at *1 (citation omitted).

Moreover, the Court previously rejected the Defendants' request to remove the allegations from the TAC that the Individual Defendants now decline to answer.  See Lane v. Page, 2010 WL 2854481, at *6 ("[T]he factual allegations are related to the suit, even if they do not independently establish a theory of recovery. . . .   The facts pled thus have some connection to the case . . . .   The Court therefore will not strike the challenged facts . . . .").  Consequently, the Individual Defendants' response that the allegations have been dismissed by the Court is insufficient, and the Individual Defendants must respond to the allegations.

The DESCO Defendants' general denial distinguishes them from the Individual Defendants' situation.  Because the DESCO Defendants filed a general denial, they "deny all [allegations] except those specifically admitted."  Fed. R. Civ. P. 8(b)(3).  Because the statements that documents speak for themselves and that allegations are legal conclusions are neither admissions nor denials, the statements do not specifically admit the allegations, and the allegations are denied under the general denial.  The Individual Defendants, on the contrary, did not file a general denial.  Because an allegation of the complaint is admitted if "a responsive pleading is required and the allegation is not denied," Fed. R. Civ. P. 8(b)(6), if they do not amend their answer, they are deemed to have admitted the allegations.

The Court thus orders the Individual Defendants to either admit, deny, or claim insufficient knowledge or information to form a belief about the truth of Lanes allegations where they have declined to respond to allegations on grounds that: (i) allegations in Lane's TAC contain "legal conclusions to which no response is required," Individual Defendants' TA ¶¶ 8-9, 38, 47, 49, 52, 55, 57, 60, at 3, 8-12; (ii) the Proxy Statement "speaks for itself," Individual Defendants' TA ¶¶ 3-4, 6,

12-18, 20-21, 33, 36, 43-44, 47, 49, 52, 55-58, at 1-5, 7-12; and (iii) the allegations were "dismissed

by the Court, thus no response is needed," Individual Defendants' TA ¶¶ 39-42, 46, 50-51, at 8-11.

Because the DESCO Defendants filed a general denial, they have denied all of the allegations to

which they responded that: (i) the allegations in Lane's TAC contain "legal conclusions, which

requires no response," DESCO Defendants' TA ¶¶ 9, 22-31, 38, 40-42, 56, 60, at 4, 7-9, 11-12, 19;

and (ii) the Proxy Statement "speaks for itself," DESCO Defendants' TA ¶¶ 3-4, 12-21(a), 21(b)(i),

37, 39, 40(b), 42-52, 55-58, at 2, 4-6, 10-20.  The DESCO Defendants also pled a general denial.

See id. at 1 ("DESCO Defendants generally deny all allegations in the Third Amended Complaint,

except those specifically admitted below.").  While the DESCO Defendants amend their Answer as

the Court has already ordered, they may -- but the Court does not order them to do so -- amend any

of these to specifically admit those allegations.

IT IS ORDERED that  (i) Lead Plaintiff's Opposed Motion to Strike Certain of the D. E.

Shaw Defendants' Affirmative Defenses Pursuant to Rule 12(f), filed August 9, 2010 (Doc. 221),

and Lead Plaintiff's Opposed Motion to Strike Certain of the Individual Affirmative Defenses

Pursuant to Rule 12(f), are granted in part and denied in part as set forth in this Memorandum

Opinion and Order; and (ii) the Defendants shall file their amended answers within ten days from

the date of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Nicholas Koluncich, III
Law Offices of Nicholas Koluncich
Albuquerque, New Mexico

-- and --

Joe Kendall
Provost Umphrey Law Firm, LLP
Dallas, Texas

-- and --

Darren J. Robbins
Brian O. O'Mara
G. Paul Howe
Randall J. Baron
David W. Mitchell
Danielle S. Myers
Coughlin Stoia Geller Rudman & Robbins, LLP
San Diego, California

     *Attorneys for the Plaintiffs*

Richard A. Sandoval
Law Offices of Richard A. Sandoval
Albuquerque, New Mexico

     *Attorney for Plaintiff-Intervenor Frank Martin*

Douglas G. Schneebeck
Brian K. Nichols
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

     *Attorneys for Defendants Westland Development Company, Inc.*
      *and SunCal Companies Group*

Greg L. Weselka
Evan P. Singer
Jones Day
Dallas, Texas

  *Attorneys for Defendant SunCal Companies Group*

Juan L. Flores
Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A.
Albuquerque, New Mexico

-- and --

Paul Bessette
Jesse Z. Weiss
Kimberly G. Davis
Christopher W. Ahart
Yusuf A. Bajwa
Greenberg Traurig, LLP
Austin, Texas

  *Attorneys for Defendants Barbara Page, Sosimo S. Padilla, Joe E. Chavez,*
  *Josie Castillo, Charles V. Pena, Georgia Baca, Troy K. Benavidez,*
  *Ray Mares, Jr., and Randolph M. Sanchez*

Trent A. Howell
Jacqueline E. Davis
Holland & Hart, LLP
Santa Fe, New Mexico

-- and --

John D. Lovi
Lara E. Romansic
Michelle M. Oliver
Steptoe & Johnson, LLP
New York, New York

  *Attorneys for Defendants D.E. Shaw Group, D.E. Shaw & Co. L.P.,*
  *D.E. Shaw Real Estate Portfolios 1, LLC, D.E. Shaw & Co. LLC,*
  *D.E. Shaw & Co., Inc., D.E. Shaw Investment Group, LLC,*
  *D.E. Shaw & Co. II, Inc., George Rizk, and Anne Dinning*