**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| LAWRENCE LANE, On Behalf of Himself, and All Others Similarly Situated,<br><br>Plaintiff,<br><br>- against -<br><br>BARBARA PAGE, SOSIMO S. PADILLA, JOE S. CHAVEZ, JOSIE CASTILLO, CHARLES V. PENA, GEORGIA BACA, TROY K. BENAVIDEZ, RAY MARES, JR., RANDOLPH M. SANCHEZ, WESTLAND DEVELOPMENT COMPANY, INC., SUNCAL COMPANIES GROUP, THE D. E. SHAW GROUP, D. E. SHAW & CO. L.P., D. E. SHAW REAL ESTATE PORTFOLIOS 1, L.L.C. ("DESCO REAL ESTATE"), D. E. SHAW & CO., LLC, D. E. SHAW & CO., INC., D. E. SHAW INVESTMENT GROUP, LLC, D. E. SHAW & CO. II, INC., GEORGE RIZK and ANNE DINNING,<br><br>Defendants. | No. 06-cv-1071-JB-ACT<br><br>DEMAND FOR JURY TRIAL |

**AMENDED ANSWER OF D. E. SHAW DEFENDANTS TO THIRD AMENDED COMPLAINT FOR VIOLATION OF §§14(a) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934 AND SEC RULE 14a-9**

Pursuant to the Court's Memorandum Opinion and Order filed January 14, 2011 [Doc. 292], Defendants The D. E. Shaw Group, D. E. Shaw & Co. L.P., D. E. Shaw Real Estate Portfolios 1, LLC, D. E. Shaw & Co., LLC, D. E. Shaw & Co., Inc., D. E. Shaw Investment Group, LLC, D. E. Shaw & Co. II, Inc., George Rizk and Anne Dinning (collectively, "DESCO Defendants") for their amended answer to the Third Amended Complaint of named Plaintiff Lawrence Lane ("Plaintiff") herein, through their attorneys, with knowledge with respect to their own acts and on information and belief as to all other matters:

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides for a "short and plain statement of the claim." *See also* Rule 8(d)(1) (requiring allegations to be simple and concise). The Third Amended Complaint is not short and plain. As such, DESCO Defendants generally deny all allegations in the Third Amended Complaint, except those specifically admitted below. Fed. R. Civ. P. 8(b)(3).

1. Answering paragraph 1 of the Third Amended Complaint, DESCO Defendants admit that Plaintiff filed a Third Amended Complaint for Violation of §§ 14(a) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") and SEC Rule 14a-9, which speaks for itself. DESCO Defendants deny all other the allegations and legal conclusions.

2. Answering paragraph 2 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

3. Answering paragraph 3 of the Third Amended Complaint, DESCO Defendants deny that DESCO Defendants caused a definitive proxy statement (the "Proxy Statement") to be filed with the SEC and mailed to Westland shareholders on September 20, 2006. DESCO Defendants state that they have insufficient information to admit or deny the allegations of this paragraph as to defendants other than DESCO Defendants, and therefore deny them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself. DESCO Defendants deny all other allegations.

4. DESCO Defendants deny the allegations of paragraph 4 of the Third Amended Complaint. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

(a) Answering subpart (a) of paragraph 4 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(b) Answering subpart (b) of paragraph 4 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(c) Answering subpart (c) of paragraph 4 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(d) DESCO Defendants deny the allegations in subpart (d) of paragraph 4 of the Third Amended Complaint.

(e) DESCO Defendants deny the allegations in subpart (e) of paragraph 4 of the Third Amended Complaint.

(f) Answering subpart (f) of paragraph 4 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(g) Answering subpart (g) of paragraph 4 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

5. DESCO Defendants deny the allegations of paragraph 5 of the Third Amended Complaint as to DESCO Defendants. DESCO Defendants state that they have insufficient information to admit or deny the allegations in this paragraph as to defendants other than DESCO Defendants, and therefore deny them.

6. Answering paragraph 6 of the Third Amended Complaint, DESCO Defendants admit that *Forbes* published an article on September 3, 2007 titled, "Insider Deal on the Mesa." DESCO Defendants deny Plaintiff's characterization of this article, which speaks for itself.

**7.** Answering paragraph 7 of the Third Amended Complaint, DESCO Defendants deny that the SunCal Merger resulted in substantial harm to Westland's former shareholders. DESCO Defendants deny the remaining allegations of this paragraph as to DESCO Defendants, and state that they have insufficient information to admit or deny those allegations as to defendants other than DESCO Defendants, and therefore deny them.

8. Answering paragraph 8 of the Third Amended Complaint, DESCO Defendants state that the allegations assert a legal conclusion, which requires no response from DESCO Defendants.

9. Answering paragraph 9 of the Third Amended Complaint, DESCO Defendants deny that they committed wrongful acts or caused harm. DESCO Defendants state that the remaining allegations of this paragraph assert a legal conclusion, which requires no response from DESCO Defendants.

10. Answering paragraph 10 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

11. Answering paragraph 11 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

12. Answering paragraph 12 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

13. Answering paragraph 13 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

14. Answering paragraph 14 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

15. Answering paragraph 15 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

16. Answering paragraph 16 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

17. Answering paragraph 17 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

18. Answering paragraph 18 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

19. Answering paragraph 19 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and

therefore deny them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

20. Answering paragraph 20 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

21. Answering paragraph 21 of the Third Amended Complaint, DESCO Defendants deny that DESCO Defendants participated in the preparation and/or dissemination of the SunCal Proxy.

(a) Answering subpart (a) of paragraph 21 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement and the organizational chart filed with SunCal's October 31, 2007 application for a Tax Increment Development District, which speak for themselves.

(b) Answering subpart (b) of paragraph 21 of the Third Amended Complaint, DESCO Defendants admit that D. E. Shaw Real Estate Portfolios 1, L.L.C. is a Delaware limited liability company, and that, immediately prior to the SunCal Merger, D. E. Shaw Real Estate Portfolios 1, L.L.C. was the 92.5% owner of SCC Westland Venture LLC, SCC Westland Venture LLC was the 100% owner of Westland Holdco, Inc., and Westland Holdco, Inc was the 100% owner of SCC Acquisition Corp, the

entity that merged with Westland Development Co., Inc. DESCO Defendants deny the remaining allegations of this subpart.

i. DESCO Defendants deny the allegations of subpart (i) of paragraph 21(b) of the Third Amended Complaint and refer to the October 2006 letter, and the "internal correspondence" referenced in this paragraph, which speak for themselves.

(c) Answering subpart (c) of paragraph 21 of the Third Amended Complaint, DESCO Defendants admit that George Rizk is a Managing Director of D. E. Shaw & Co., L.P. and D. E. Shaw & Co., L.L.C, and is head of real estate investments at the D. E. Shaw group. DESCO Defendants deny the remaining allegations of this subpart.

(d) Answering subpart (d) of paragraph 21 of the Third Amended Complaint, DESCO Defendants admit that Anne Dinning is a Managing Director of D. E. Shaw & Co., L.P. and D. E. Shaw & Co., L.L.C, and that she is a member of the executive committee of D. E. Shaw & Co., L.P. and D. E. Shaw & Co., L.L.C. DESCO Defendants deny the remaining allegations of this subpart.

22. Answering paragraph 22 of the Third Amended Complaint, DESCO Defendants deny the allegations as to DESCO Defendants contained in this paragraph. DESCO Defendants state that the allegations assert legal conclusions, which require no response. DESCO Defendants have insufficient information to admit or deny the allegations as to the participation of defendants other than DESCO Defendants in the preparation, review and dissemination of the Proxy Statement, and therefore deny them. DESCO Defendants deny the remaining allegations of this paragraph.

23. Answering paragraph 23 of the Third Amended Complaint, DESCO Defendants state that the allegations assert a legal conclusion, which requires no response from DESCO Defendants.

24. Answering paragraph 24 of the Third Amended Complaint, DESCO Defendants state that the allegations assert a legal conclusion, which requires no response from DESCO Defendants.

25. Answering paragraph 25 of the Third Amended Complaint, DESCO Defendants state that the allegations that the Class of stockholders is so numerous that joinder of all members is impracticable assert a legal conclusion, which requires no response from DESCO Defendants. DESCO Defendants state that the Proxy Statement speaks for itself.

26. Answering paragraph 26 of the Third Amended Complaint, DESCO Defendants state that the allegations of this paragraph assert a legal conclusion, which requires no response from DESCO Defendants.

(a) DESCO Defendants deny the allegations of subpart (a) of paragraph 26 of the Third Amended Complaint.

(b) DESCO Defendants deny the allegations of subpart (b) of paragraph 26 of the Third Amended Complaint.

27. Answering paragraph 27 of the Third Amended Complaint, DESCO Defendants state that the allegations assert a legal conclusion, which requires no response from DESCO Defendants.

28. Answering paragraph 28 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations that Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation, and therefore denies them. DESCO Defendants state that the remainder of the allegations of this paragraph assert a legal conclusion, which requires no response from DESCO Defendants.

29. Answering paragraph 29 of the Third Amended Complaint, DESCO Defendants state that the allegations assert a legal conclusion, which requires no response from DESCO Defendants.

30. Answering paragraph 30 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations that Plaintiff anticipates that there will be no difficulty in the management of this litigation, and therefore denies them. DESCO Defendants state that the remainder of the allegations of this paragraph assert a legal conclusion, which requires no response from DESCO Defendants.

31. Answering paragraph 31 of the Third Amended Complaint, DESCO Defendants state that the allegations assert a legal conclusion, which requires no response from DESCO Defendants.

32. Answering paragraph 32 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

33. Answering paragraph 33 of the Third Amended Complaint (including footnote 1), DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

34. DESCO Defendants deny the allegations of paragraph 34 of the Third Amended Complaint as to DESCO Defendants. DESCO Defendants state that they have insufficient information to admit or deny the allegations of this paragraph as to defendants other than DESCO Defendants, and therefore deny them.

35. DESCO Defendants deny the allegations of paragraph 35 of the Third Amended Complaint as to the DESCO Defendants. DESCO Defendants state that they have insufficient information to admit or deny the allegations of this paragraph as to defendants other than DESCO Defendants, and therefore deny them.

36. Answering paragraph 36 of the Third Amended Complaint (including footnote 2), DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

37. Answering paragraph 37 of the Third Amended Complaint, DESCO Defendants admit that SunCal and Westland entered into a Merger Agreement, which speaks for itself. DESCO Defendants state that they have insufficient information to admit or deny the remaining allegations of this paragraph, and therefore deny them.

38. DESCO Defendants deny the allegations in paragraph 38 of the Third Amended Complaint that DESCO Defendants caused Westland to file the Proxy Statement setting the shareholder vote on the SunCal Merger for November 6, 2006, and that the Proxy Statement violated § 14(a) because it misrepresented and/or omitted material facts that

a reasonable Westland shareholder would have considered important in deciding how to vote. DESCO Defendants state that they have insufficient information to admit or deny these allegations as to defendants other than DESCO Defendants, and therefore deny them. DESCO Defendants state that the remaining allegations of this paragraph (including footnote 4) assert a legal conclusion, which requires no response from DESCO Defendants.

39. Answering paragraph 39 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

40. DESCO Defendants deny the allegations in paragraph 40 of the Third Amended Complaint that the statements set forth in paragraph 39 of the Third Amended Complaint were materially false and/or misleading and that the "true facts" set forth in subparts (a) and (b) were then known by, or available to DESCO Defendants. DESCO Defendants state that the allegations that the SEC Regulations required accurate disclosure of Page's and Padilla's interests assert a legal conclusion, which requires no response from DESCO Defendants.

(a) Answering subpart (a) of paragraph 40 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(b) Answering subpart (b) of paragraph 40 of the Third Amended Complaint (including footnote 4), DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

41. Answering paragraph 41 of the Third Amended Complaint, DESCO Defendants state that the allegations assert a legal conclusion, which requires no response from DESCO Defendants.

42. Answering paragraph 42 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations that the Proxy Statement omits the fact that at least four Westland directors were promised lifelong trusteeships of the Foundation and/or as directors of Atrisco LLC, and therefore denies them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself. DESCO Defendants state that the remainder of the allegations of this paragraph assert a legal conclusion, which requires no response from DESCO Defendants.

(a) DESCO Defendants deny the allegations of subpart (a) of paragraph 42 of the Third Amended Complaint. DESCO Defendants deny Plaintiff's characterization of the "internal correspondence" referenced in this paragraph, which speaks for itself.

(b) DESCO Defendants deny the allegations of subpart (b) of paragraph 42 of the Third Amended Complaint as to DESCO Defendants. DESCO Defendants state that they have insufficient information to admit or deny the allegations as to defendants other than DESCO Defendants, and therefore deny them.

43. Answering paragraph 43 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

44. Answering paragraph 44 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

45. Answering paragraph 45 of the Third Amended Complaint (including footnotes 5-7), DESCO Defendants state that the allegations of this paragraph contain legal conclusions, which require no response from DESCO Defendants. DESCO Defendants deny the allegations that the statements set forth in paragraphs 43 and 44 of the Third Amended Complaint were materially false and/or misleading. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself. DESCO Defendants state that they have insufficient information to admit or deny the remainder of the allegations of this paragraph, and therefore deny them.

46. Answering paragraph 46 of the Third Amended Complaint, DESCO Defendants deny the allegations as to DESCO Defendants. DESCO Defendants state that they have insufficient information to admit or deny the allegations of this paragraph as to defendants other than DESCO Defendants, and therefore deny them.

(a) Answering subpart (a) of paragraph 46 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself. DESCO Defendants state that they have insufficient information to admit or deny the remainder of the allegations of this subpart, and therefore deny them.

(b) DESCO Defendants deny the allegations of subpart (b) of paragraph 46 of the Third Amended Complaint and deny Plaintiff's characterization of the "internal correspondence" referenced in this paragraph, which speaks for itself.

(c) Answering subpart (c) of paragraph 46 of the Third Amended Complaint (including note 8), DESCO Defendants deny the allegations as to DESCO Defendants.

DESCO Defendants state that they have insufficient information to admit or deny the remaining allegations of this subpart, and therefore deny them.

(d) Answering subpart (d) of paragraph 46 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(e) Answering subpart (e) of paragraph 46 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(f) Answering subpart (f) of paragraph 46 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(g) Answering subpart (g) of paragraph 46 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(h) Answering subpart (h) of paragraph 46 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(i) Answering subpart (i) of paragraph 46 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(j) Answering subpart (j) of paragraph 46 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(k) Answering subpart (k) of paragraph 46 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

47. Answering paragraph 47 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself. DESCO Defendants deny the allegations that the statements set forth in this paragraph were materially false and misleading.

48. Answering paragraph 48 of the Third Amended Complaint (including subparts (a) and (b) and footnotes 9-10), DESCO Defendants deny the allegations as to DESCO Defendants. DESCO Defendants state that they have insufficient information to admit or deny the allegations of this paragraph as to defendants other than DESCO Defendants, and therefore deny them. DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

49. Answering paragraph 49 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself. DESCO Defendants deny the allegations that the statements referred to in this paragraph were materially false and/or misleading, that DESCO Defendants knew or should have known that these statements were false and/or misleading, and that the

"true facts" set forth in subparts (a) through (d) were then known by, or available to DESCO Defendants.

(a) Answering subpart (a) of paragraph 49 of the Third Amended Complaint (including footnote 11), DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(b) Answering subpart (b) of paragraph 49 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(c) Answering subpart (c) of paragraph 49 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(d) Answering subpart (d) of paragraph 49 of the Third Amended Complaint, Defendants deny the allegations as to DESCO Defendants. DESCO Defendants state that they have insufficient information to admit or deny the allegations of this subpart as to defendants other than DESCO Defendants, and therefore deny them.

50. Answering paragraph 50 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself.

51. Answering paragraph 51 of the Third Amended Complaint, Defendants deny the allegations that the statements set forth in paragraph 50 of the Third Amended Complaint were materially false and/or misleading, that a reasonable shareholder would consider these omitted facts important in deciding how to vote, and that the "true facts"

set forth in subparts (a) through (e) were then known by, or available to DESCO Defendants.

(a) Answering subpart (a) of paragraph 51 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(b) Answering subpart (b) of paragraph 51 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(c) Answering subpart (c) of paragraph 51 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(d) Answering subpart (d) of paragraph 51 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(e) Answering subpart (e) of paragraph 51 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the February 2006 article in *New Mexico Business Weekly*, which speaks for itself.

(f) Answering subpart (f) of paragraph 51 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the August 8, 2007 *Albuquerque Tribune* article, which speaks for itself. DESCO Defendants state that they have insufficient information to admit or deny the remaining allegations of this subpart, and therefore deny them.

(g) Answering subpart (g) of paragraph 51 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(h) Answering subpart (h) of paragraph 51 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the SunCal Merger Agreement, which speaks for itself.

52. Answering paragraph 52 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself. DESCO Defendants deny the allegations that the statements set forth in this paragraph were false and misleading and that the "true facts" set forth in subparts (a) through (d) were then known by, or available to DESCO Defendants.

(a) Answering subpart (a) of paragraph 52 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(b) Answering subpart (b) of paragraph 52 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(c) Answering subpart (c) of paragraph 52 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

(d) Answering subpart (d) of paragraph 52 of the Third Amended Complaint, DESCO Defendants state that they have insufficient information to admit or deny the allegations, and therefore deny them.

53. DESCO Defendants deny the allegations of paragraph 53 of the Third Amended Complaint (including note 12) as to DESCO Defendants. DESCO Defendants state that they have insufficient information to admit or deny the allegations of this paragraph (including note 12) as to defendants other than DESCO Defendants, and therefore deny them.

54. DESCO Defendants deny the allegations of paragraph 54 of the Third Amended Complaint.

55. Answering paragraph 55 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself. DESCO Defendants deny that the statements set forth in this paragraph were false and misleading.

56. Answering paragraph 56 of the Third Amended Complaint, DESCO Defendants state that the allegations assert legal conclusions, which require no response from DESCO Defendants. DESCO Defendants deny the remaining allegations in this paragraph.

(a) DESCO Defendants deny the allegations of subpart (a) of paragraph 56 of the Third Amended Complaint.

(i) Answering subpart (a)(i) of paragraph 56 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the SunCal Merger Agreement, which speaks for itself.

(ii) Answering subpart (a)(ii) of paragraph 56 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the SunCal Merger Agreement, which speaks for itself.

(b) DESCO Defendants deny the allegations of subpart (b) of paragraph 56 of the Third Amended Complaint that Defendants' omission of the D. E. Shaw Group's involvement in the SunCal Merger rendered the Proxy Statement materially false and misleading. DESCO Defendants deny Plaintiff's characterization of the correspondence referenced in this subpart, which speaks for itself.

(c) DESCO Defendants deny the allegations of subpart (c) of paragraph 56 of the Third Amended Complaint. DESCO Defendants deny Plaintiff's characterization of the correspondence referenced in this subpart, which speaks for itself.

57. Answering paragraph 57 of the Third Amended Complaint, DESCO Defendants deny Plaintiff's characterization of the Proxy Statement, which speaks for itself. DESCO Defendants deny that the statement set forth in this paragraph was materially false and/or misleading.

58. Answering paragraph 58 of the Third Amended Complaint, DESCO Defendants state that the SEC Regulations speak for themselves. DESCO Defendants deny the remaining allegations of this paragraph as to DESCO Defendants. DESCO Defendants state that they have insufficient information to admit or deny the remaining allegations

of this paragraph as to defendants other than DESCO Defendants, and therefore deny them.

59. Answering paragraph 59 of the Third Amended Complaint, DESCO Defendants incorporate their other admissions, denials and statements herein.

60. Answering paragraph 60 of the Third Amended Complaint, DESCO Defendants state that the allegations assert a legal conclusion, which requires no response from DESCO Defendants.

61. DESCO Defendants deny the allegations and legal conclusions of paragraph 61 of the Third Amended Complaint.

62. DESCO Defendants deny the allegations and legal conclusions of paragraph 62 of the Third Amended Complaint.

63. DESCO Defendants deny the allegations and legal conclusions of paragraph 63 of the Third Amended Complaint.

64. DESCO Defendants deny the allegations and legal conclusions of paragraph 64 of the Third Amended Complaint.

65. Answering paragraph 65 of the Third Amended Complaint, DESCO Defendants incorporate their other admissions, denials and statements herein.

66. DESCO Defendants deny the allegations and legal conclusions of paragraph 66 of the Third Amended Complaint.

67. DESCO Defendants deny the allegations and legal conclusions of paragraph 67 of the Third Amended Complaint.

68. DESCO Defendants deny the allegations and legal conclusions of paragraph 68 of the Third Amended Complaint.

69. DESCO Defendants deny the allegations and legal conclusions of paragraph 69 of the Third Amended Complaint.

Answering all paragraphs and allegations contained in the Third Amended Complaint, DESCO Defendants deny each and every allegation not expressly and specifically admitted above.

Answering all prayers for relief asserted in the Third Amended Complaint, DESCO Defendants deny that Plaintiffs are entitled to any of the relief they purportedly seek.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

As separate affirmative defenses to the Third Amended Complaint, DESCO Defendants allege as follows:

### First Defense

### (Failure to State a Claim)

The Third Amended Complaint fails to state a claim against DESCO Defendants upon which relief can be granted.

### Second Defense

### (Mitigation of Damages)

Named Plaintiff and members of the purported plaintiff class failed to act reasonably to mitigate any damages alleged in the Third Amended Complaint and,

therefore, are barred from recovering any damages that they could have prevented in the exercise of reasonable care.

**Third Defense**

**(Fault of Plaintiff)**

The claims of named Plaintiff and members of the purported plaintiff class are barred as a result of their own acts or omissions.

**Fourth Defense**

**(Estoppel)**

The claims of named Plaintiff and members of the purported plaintiff class are barred in whole or in part by the doctrine of estoppel.

**Fifth Defense**

**(Waiver)**

The claims of named Plaintiff and the purported plaintiff class are barred in whole or in part by the doctrine of waiver.

**Sixth Defense**

**(Laches)**

The claims of named Plaintiff and the purported plaintiff class are barred in whole or in part by the doctrine of laches.

**Seventh Defense**

**(Unclean Hands)**

The claims of named Plaintiff and the purported class are barred in whole or in part by the doctrine of unclean hands.

**Eighth Defense**

**(Consent)**

The claims of named Plaintiff and the purported class are barred in whole or in part by the doctrine of consent.

**Ninth Defense**

**(Ratification)**

The claims of named Plaintiff and the purported class are barred in whole or in part by the doctrine of ratification.

**Tenth Defense**

**(Statute of Limitations)**

The claims of named Plaintiff and the purported plaintiff class are barred or limited by applicable statutes of limitation.

**Eleventh Defense**

**(Justification)**

At all times, DESCO Defendants acted in lawful justification in all matters related to the allegations of Plaintiff's Third Amended Complaint.

**Twelfth Defense**

**(Good Faith)**

At all times, DESCO Defendants acted in good faith and did not participate in or directly or indirectly induce any of the acts alleged in the Third Amended Complaint to constitute a violation of federal securities laws.

**Thirteenth Defense**

**(Unjust Enrichment)**

Named Plaintiff and members of the purported plaintiff class would be unjustly enriched if they were allowed to recover anything in this action.

**Fourteenth Defense**

**(Actual Knowledge)**

Named Plaintiff and members of the purported plaintiff class had actual knowledge of the facts that were allegedly misrepresented or omitted by Defendants.

**Fifteenth Defense**

**(Constructive Knowledge)**

Named Plaintiff and members of the purported plaintiff class should have known and/or had constructive knowledge of the facts that were allegedly misrepresented or omitted by Defendants.

**Sixteenth Defense**

**(Assumption of Risk)**

The claims of named Plaintiff and the purported plaintiff class are barred in whole or in part on the ground that they freely and voluntarily assumed the risk of injury and damage alleged in the Third Amended Complaint, which assumption of risk was a proximate cause of the alleged damage, if any, sustained.

**Seventeenth Defense**

**(Conformity with SEC Rules & Regulations)**

Each and every act or omission alleged in the Third Amended Complaint was performed or omitted in conformity with the rules and regulations of the SEC and, therefore, pursuant to Section 23(a) of the Exchange Act, there is no liability for any act or omission so alleged.

**Eighteenth Defense**

**(Negative Causation/Extraneous Conditions)**

The damages, if any, alleged in the Third Amended Complaint were directly and proximately caused, in whole or in part, by extraneous conditions separate from the alleged misrepresentations and omissions set forth in the Third Amended Complaint. Accordingly, DESCO Defendants are not liable for any damages named Plaintiff or members of the plaintiff class are found to have sustained.

**Nineteenth Defense**

**(Bespeaks Caution)**

The public documents issued by Westland contained sufficient cautionary language to bespeak caution with respect to the subject matter of each misrepresentation or omission alleged in the Third Amended Complaint.

**Twentieth Defense**

**(Safe Harbor for Forward-Looking Statements)**

The misrepresentations or omissions alleged in the Third Amended Complaint that were not dismissed with prejudice were forward-looking, and satisfy the

requirement of the statutory "safe harbor" provisions set forth in the Exchange Act (including but not limited to 15 U.S.C. Section 78u-5), precluding named Plaintiff and members of the purported plaintiff class from any recovery based on such statements or omissions.

**Twenty-first Defense**

**(Contributory Negligence)**

Named Plaintiff and members of the purported plaintiff class knew or in the exercise of reasonable care should have known of the alleged misrepresentations or omissions, and thus were negligent. This negligence was the cause in fact and proximate cause of the alleged damages asserted in the Third Amended Complaint, and thus recovery is barred either in whole or in part.

**Twenty-second Defense**

**(Fault of Third Parties)**

Damages, if any, of named Plaintiff and members of the purported plaintiff class resulted from the acts or omissions of third parties over whom DESCO Defendants had no control. The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered.

**Twenty-third Defense**

**(Proportionate Liability)**

If named Plaintiff and members of the purported plaintiff class sustained any losses under the circumstances alleged in the Third Amended Complaint (which DESCO Defendants deny), then DESCO Defendants are liable only for that portion of damages

that corresponds to their respective degree of fault and responsibility and are not liable for any damages attributable to the responsibility, negligence or fault of any other individual or entity.

**Twenty-fourth Defense**

**(Comparative Fault)**

The claims of named Plaintiff and the purported plaintiff class are barred by, or the damages, if any, allegedly sustained by them are reduced by the contributory and/or comparative fault of named Plaintiff and the purported plaintiff class, and/or the comparative fault of third parties.

**Twenty-fifth Defense**

**(Public Information)**

The claims of named Plaintiff and members of the purported plaintiff class are barred on the grounds that the matters alleged to be the subject of the misrepresentations and/or omissions were publicly disclosed and/or were in the public domain, and as such, were available to named Plaintiff and members of the purported plaintiff class and/or the securities markets.

**Affirmative Claim for Attorneys' Fees**

DESCO Defendants state that named Plaintiff has no reasonable or just cause to bring his claims, and Plaintiff has brought this action maliciously, in bad faith, unreasonably and vexatiously and for the purposes of harassment. Accordingly, DESCO Defendants are entitled to an award of their reasonable attorneys' fees and costs in defending this action.

**JURY DEMAND**

DESCO Defendants hereby demand a jury on all issues so triable.

WHEREFORE, DESCO Defendants respectfully request that the Court dismiss Plaintiff's Third Amended Complaint against DESCO Defendants, award DESCO Defendants their costs of suit, and grant such other and further relief as the Court deems proper.

Dated: January 24, 2011

HOLLAND & HART LLP

By: */s/ Jacqueline E. Davis*
Jacqueline E. Davis
Mark F. Sheridan
Kristina E. Martinez
Post Office Box 2208
Santa Fe, NM 87504
(505) 988-4421

-and-

STEPTOE & JOHNSON LLP

John D. Lovi
Lara E. Romansic
750 Seventh Avenue
New York, New York 10019
(212) 506-3900

*Attorneys for Defendants*
*The D. E. Shaw Group, D. E. Shaw & Co. L.P., D. E. Shaw Real Estate Portfolios 1, LLC, D. E. Shaw & Co., LLC, D. E. Shaw & Co., Inc., D. E. Shaw Investment Group, LLC, D. E. Shaw & Co. II, Inc., George Rizk and Anne Dinning*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2011, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following e-mail and/or mailing addresses:

Andrew J. Simons ajs@sutinfirm.com
Brian K Nichols bkn@modrall.com
Brian O. O'Mara bo'mara@rgrdlaw.com
Christopher W. Ahart ahartc@gtlaw.com
Danielle S. Myers dmyers@rgrdlaw.com
Darren J Robbins e_file_sd@rgrdlaw.com
David W. Mitchell davidm@rgrdlaw.com
Douglas G Schneebeck dschneebeck@modrall.com
Jacqueline E. Davis jedavis@hollandhart.com
Jay D Hertz jdh@sutinfirm.com
Jesse Z. Weiss weissjz@gtlaw.com
Joe Kendall jkendall@kendalllawgroup.com
John D. Lovi jlovi@steptoe.com
Juan L Flores jflores@stelznerlaw.com
Kimberly G. Davis daviskg@gtlaw.com
Kristina Martinez kemartinez@hollandhart.com
Lara E. Romansic lromansic@steptoe.com
Mark F. Sheridan msheridan@hollandhart.com
Michelle Ostrye mko@sutinfirm.com
Nicholas Koluncich nkoluncich@newmexicoclassactions.com
Paul R. Bessette bessettep@gtlaw.com
Randall J Baron rbaron@rgrdlaw.com
Richard A Sandoval Rick@richardsandovallawoffice.com
Yusuf A. Bajwa bajway@gtlaw.com

*/s/ Jacqueline E. Davis*
Jacqueline E. Davis

5010578_1.DOC