**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LAWRENCE LANE, On Behalf of Himself,
and All Others Similarly Situated,

      Plaintiff,

vs.                                                                   No. CIV 06-1071 JB/ACT

BARBARA PAGE, SOSIMO PADILLA, JOE S.
CHAVEZ, JOSIE CASTILLO, CHARLES V. PENA,
GEORGIA BACA, TROY K. BENAVIDEZ, RAY
MARES, JR., RANDOLPH M. SANCHEZ,
WESTLAND DEVELOPMENT COMPANY, INC.,
SUNCAL COMPANIES GROUP, THE D.E. SHAW
GROUP, D.E. SHAW & CO. L.P., D.E. SHAW
REAL ESTATE PORTFOLIOS 1, LLC, ("DESCO
REAL ESTATE"), D.E. SHAW & CO., LLC, D.E.
SHAW & CO., INC., D.E. SHAW INVESTMENT
GROUP, LLC, D.E. SHAW & CO. II, INC.,
GEORGE RIZK and ANNE DINNING,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant SCC Acquisition Corp.'s Motion to Compel, filed November 11, 2010 (Doc. 262)("Motion"). The Court held a hearing on January 10, 2010. The primary issue is whether the Court should compel Plaintiff Lawrence Lane to respond fully to SCC Acquisition Crop.'s Requests for Production Nos. 1-3. Based on the parties agreement at the January 10, 2010 hearing, the Court denies the Motion as moot.

**FACTUAL BACKGROUND**

    Lane brings this shareholder class action on behalf of himself and the holders of common stock of Westland Development Co. ("Westland"), against Westland, certain of its senior officers

and directors, its merger partner, SCC Acquisition Crop. ("SunCal"), and the DESCO Defendants,[1] who Lane contends were involved in planning, executing, and consummating the SunCal Merger. See Third Amended Complaint for Violation of §§ 14(a) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9 ¶ 1, at 2, filed June 17, 2010 (Doc. 207)("TAC").  Lane alleges that, on or about September 20, 2006, the Defendants mailed to Westland shareholders a Proxy Statement that misrepresented and/or omitted material facts, and that this Proxy Statement was used to obtain shareholder approval of the sale of Westland to SunCal.  See TAC ¶¶ 1, 3, at 2; SEC Schedule 14A Definitive Proxy Statement for Westland Development Co., Inc. at 6 (issued September 20, 2006), filed June 17, 2010 (Doc. 206-1)("Proxy Statement").  The Court has summarized the facts of this case and the history of the merger previously, and will not recite them again here. See Memorandum Opinion and Order at 2-14, filed January 10, 2010 (Doc. 283); Lane v. Page, 581 F. Supp. 2d 1094, 1099-1104 (D.N.M. 2008); Lane v. Page, 649 F. Supp. 2d 1256, 1263-68 (D.N.M. 2009).

**PROCEDURAL BACKGROUND**

Lane filed his initial Complaint on November 3, 2006, in which he asserted class-action claims under § 14(a) and § 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a through 78oo.  See Complaint for Violation of §§ 14(a) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9, filed November 3, 2006 (Doc. 1).  On September 17, 2007, Lane filed his First Amended Complaint.  See Amended Complaint for Violation of §§ 14(a) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9, filed September 17, 2007 (Doc. 50).  On December 3,

---

[1] The DESCO Defendants are Defendants The D. E. Shaw Group, D. E. Shaw & Co. L.P., D. E. Shaw Real Estate Portfolios 1, L.L.C., D. E. Shaw & Co., LLC, D. E. Shaw & Co., Inc., D. E. Shaw Investment Group, LLC, D. E. Shaw & Co. II, Inc., George Rizk, and Anne Dinning.

2007, the Defendants filed motions to dismiss the Amended Complaint. <u>See</u> Motion to Dismiss and Joinder in Director Defendants' Motion to Dismiss, filed December 3, 2007 (Doc. 52); Motion to Dismiss, filed December 3, 2007 (Doc. 53). The Court granted in part and denied in part those motions on September 15, 2008. <u>See</u> Order, filed September 15, 2008 (Doc. 81); Memorandum Opinion, filed September 24, 2008 (Doc. 83).

On December 1, 2008, Lane filed a motion to amend his First Amended Complaint. <u>See</u> Lead Plaintiff's Opposed Motion for Leave to Amend Complaint Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, filed December 1, 2008 (Doc. 105). The Court granted that motion on February 5, 2010. <u>See</u> Order Granting Lead Plaintiff's Opposed Motion for Leave to Amend Complaint Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, filed February 5, 2009 (Doc. 144). Pursuant to the order granting the motion, Lane filed his Second Amended Complaint. <u>See</u> Second Amended Complaint for Violations of §§ 14(a) and 20(a) of the Securities and Exchange Act of 1934 and SEC Rule 14a-9, filed February 9, 2009 (Doc. 145)("SAC").

On July 15, 2009, Lane filed a motion to amend his SAC. <u>See</u> Lead Plaintiff's Opposed Motion for Leave to Amend Complaint Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure (Doc. 176)("Motion to Amend"). On March 31, 2010, the Court issued an Order granting Lane's Motion to Amend. <u>See</u> Doc. 199. On June 17, 2010 Lane filed his TAC. The core of Lane's claims is that Westland's shareholders received too low a price for their shares. <u>See</u> TAC ¶ 64, at 40-41; Memorandum Opinion and Order at 17-19, 23-24, filed June 8, 2010 (Doc. 204)(stating that Lane had adequately pled damages).

On September 16, 2010, SunCal served Defendant SCC Acquisition Corp's First Set of Requests for Production of Documents to Plaintiff. <u>See</u> Doc. 262-1, Ex. A. at 1 ("Requests for Production"); Certificate of Service, filed September 16, 2010 (Doc. 249). SunCal made three

requests for production.

> REQUEST NO. 1: With reference to Paragraph 64 of the Third Amended Complaint, please provide any and all tangible and electronic items which form the basis of or relate to Plaintiff's allegation regarding "Westland's true value, which was between approximately $377 million . . . and as much as $806 million . . . ."
>
> REQUEST NO.2: Please provide any and all tangible items and electronic items which relate to, form the basis of, or may be offered to support Plaintiff's damages or any other relief that Plaintiff seeks.
>
> REQUEST NO.3: Please provide any and all tangible items and electronic items which relate to, form the basis of, or may be offered to support Plaintiff's allegations or evidence related to the value of Westland Development Co., Inc.

Requests for Production Nos. 1-3, at 1-2 (alterations original).  Each of those requests seeks documents relating to Lane's allegations concerning the value of Westland and Lane's alleged entitlement to damages.

On October 19, 2010, Lane responded to SunCal's Requests for Production with Lead Plaintiff's Responses and Objections to Defendant SCC Acquisition Corp.'s First Set of Requests for Production of Documents to Plaintiff.  See Doc. 262-1, Ex. B. at 3 ("Response to Requests for Production").  Lane stated seven general objections, which he incorporated into his Response to Request Nos. 1-3.  The general objections are that: (i) SunCal's requests exceed that permitted by the Federal Rules of Civil Procedure; (ii) the requests are "vague, overbroad, ambiguous, unintelligible, uncertain, and unduly burdensome because there are no definitions, instructions or time period in the Requests"; (iii) the requests are "premature, unduly burdensome and is presumptively improper," because they seek information supporting the allegations in the TAC; (iv) the requests "are premature, seek information that is beyond the scope of permissible discovery at this stage of the litigation," and ask for information "not currently within [Lane's] knowledge."; (v) the request seek privileged information; (vi) the requests require an expert opinion; and (vii) the

requests seek information exclusively or predominantly in SunCal's custody or control. Response to Requests for Production ¶¶ 1-7, at 2-3. Beyond incorporating his general objections and then restating a number of his general objections, Lane's Response to Request No. 1 states only "see documents identified in ¶ 64 of the Complaint." Response to Requests for Production at 4. In Lanes' Response to Requests Nos. 2 and 3, Lane failed to provide substantive responses or identify any documents, and instead relied only on objections.

SunCal attempted, in good faith, both by letter and telephone conversation, to secure Lane's compliance with his discovery obligations before filing the motion to compel. See Letter from Brian Nichols to Danielle Myers (dated October 29, 2010), filed November 11, 2010 (Doc. 262-1, Ex. C at 12). With regard to Requests for Production No. 1, SunCal requested that Lane produce copies of the documents identified in paragraph 64 of the TAC or, if another party had already produced them, reference the complete range of bates numbers for the document. In response, Lane's counsel made clear, both by letter and during a telephone conversation, that he would not provide any meaningful response to SunCal's Requests for Production Nos. 1-3. See Letter from Danielle Myers to Brian Nichols (dated November 8, 2010), filed November 11, 2010 (Doc. 262-1, Ex. D at 14). Lane's response is sufficient to warrant SunCal filing its motion.

SunCal moves the Court, under 37(a) of the Federal Rules of Civil Procedure, for an order compelling Lane to produce the documents requested in SunCal's three Requests for Production. SunCal contends that it is entitled to the information it requests, and that Lane is seeking to evade his responsibilities under rule 26. SunCal requests that the Court compel Lane to respond fully to SunCal's Requests for Production No. 1-3, by either producing all documents, identifying all documents by bates number, or stating he has no documents related to the Requests for Production.

On November 29, 2010, Lane filed his Memorandum of Law in Opposition to Defendant

SCC Acquisition Corp.'s Motion to Compel.  See Doc. 266 ("Response").  Lane contends that "SunCal has impeded the efficient and timely completion of discovery."  Response at 1.  Lane further contends that SunCal's Requests for Production are contention discovery which seek the identification -- before the completion of discovery and months before the expert discovery contemplated by the parties' agreed-upon schedule -- of all documents Lane contends support his allegations concerning Westland's true value at the time of the merger and the damages which he suffered, which Lane asserts is premature.

On December 13, 2010, SunCal filed the Reply in Support of its Motion to Compel.  See Doc. 271.  SunCal asserts that its requests are basic, as it seeks documents relating to Lane's allegations concerning the Westland's value and Lane's purported entitlement to damages.  SunCal contends that Lane relies on three arguments to avoid producing or identifying documents supporting his allegations.  First, Lane contends that SunCal's production is insufficient.  SunCal replies that its production is not at issue in this motion and that Lane "is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from [the] [d]efendant[]."  Anaya v. CBS Broad, Inc., No. CIV 06-0476 JB/KBM, 2007 WL 2219458, at *6 (D.N.M. May 16, 2007)(Browning, J.)(quoting Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 544 (D. Kan.2006))(alterations in original).

Second, Lane asserts that SunCal's requests constitute contention interrogatories.  SunCal replies that Lane's assertions or concern lack merit.  SunCal replies that its Requests for Production Nos. 1-3 are not contention interrogatories, because they do not require application of law to fact.  Moreover, SunCal contends, even if SunCal's requests constitute contention interrogatories, Lane is not entitled to withhold responsive documents on that basis.

Third, Lane suggests that SunCal prematurely terminated the meet-and-confer process.

SunCal replies that Lane's contention is without merit. SunCal asserts that Lane made clear that he would not provide a meaningful response to SunCal's requests.

At the hearing, Lane represented that the six documents he identified in response to Request for Production No. 1 is the entire universe of responsive documents he has at this time that are responsive to Request for Production No. 1-3.[2] Lane noted that discovery is ongoing and additional documents maybe forthcoming, and that he reserves the right to supplement the record with additional documents discovered in the future. SunCal represented that, based on Lane's representation, it was satisfied with Lane's response to SunCal's Requests for Production. SunCal further agreed that, given Lane's stipulation that these are the only six documents currently in its possession that are responsive to SunCal's Request for Production Nos. 1-3, the Court should deny its Motion as moot.

## **RELEVANT DISCOVERY LAW**

The Federal Rules of Civil Procedure embrace a policy of encouraging broad discovery, and exhibit little patience for gamesmanship and attempts to withhold discoverable materials and information. Such gamesmanship produces needless delay, wasting the Court's and the parties' time, contrary to the purpose of the Federal Rules of Civil Procedure, which seek "inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court has held that "[a] [p]laintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from [the] [d]efendant[]." Anaya v. CBS Broad, Inc., 2007 WL 2219458, at *6 (quoting Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. at 544)(alterations in original).

---

[2] The bates numbers for the six documents Lane identified as responsive to SunCal's Request for Production Nos. 1-3 are DESCO 209-18, DESCO 21079-72, DESCO 21625-28, SCC 117412-13, SCC 121920-21, and WDC 45961-73.

Contention interrogatories are "[r]equests for opinions or contentions that call for the application of law to fact . . . ." Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. at 544. In Anaya v. CBS Broad, Inc., the Court held: "Because of the simplicity of notice pleading, [a] [p]laintiff should provide as much information as possible regarding his claims without delay . . . ." Anaya v. CBS Broad, Inc., 2007 WL 2219458, at *6 (quoting Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. at 544-45)(alterations in original, internal citation and quotation marks omitted). The Court adheres to this principle under the pleading standard announced in Atlantic v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

## ANALYSIS

The Court denies SunCal's Motion as moot. At the hearing, Lane represented that six documents constitute the entire universe of documents he currently possesses that are responsive to Request for Production No. 1-3,[3] with the reservation that discovery is ongoing and that he may supplement the record with additional documents discovered in the future. SunCal stated that, based on Lane's representation, it was satisfied with Lane's response to SunCal's Requests for Production. SunCal further agreed that, given Lane's stipulation that these are the only six documents currently in its possession that are responsive to SunCal's Request for Production Nos. 1-3, the Court should deny its Motion as moot. The Court, therefore, denies SunCal's Motion.

**IT IS ORDERED** that the Court denies as moot Defendant SCC Acquisition Corp.'s Motion to Compel, filed November 11, 2010 (Doc. 262).

---

[3] The bates numbers for the six documents Lane identified as responsive to SunCal's Request for Production Nos. 1-3 are DESCO 209-18, DESCO 21079-72, DESCO 21625-28, SCC 117412-13, SCC 121920-21, and WDC 45961-73.

                                                        _____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Nicholas Koluncich, III
Law Offices of Nicholas Koluncich
Albuquerque, New Mexico

-- and --

Joe Kendall
Provost Umphrey Law Firm, LLP
Dallas, Texas

-- and --

Darren J. Robbins
Brian O'Mara
G. Paul Howe
Randall J. Baron
David W. Mitchell
Danielle S. Myers
Coughlin Stoia Geller Rudman & Robbins, LLP
San Diego, California

    *Attorneys for the Plaintiffs*

Richard A. Sandoval
Law Offices of Richard A. Sandoval
Albuquerque, New Mexico

    *Attorney for Plaintiff-Intervenor Frank Martin*

Douglas G. Schneebeck
Brian K. Nichols
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendants Westland Development Company, Inc.*
      *and SunCal Companies Group*

Juan L. Flores
Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A.
Albuquerque, New Mexico

-- and --

Paul Bessette
Jesse Z. Weiss
Kimberly G. Davis
Christopher W. Ahart
Yusuf A. Bajwa
Greenberg Traurig, LLP
Austin, Texas

> *Attorneys for Defendants Barbara Page, Sosimo S. Padilla, Joe E. Chavez,*
> *Josie Castillo, Charles V. Pena, Georgia Baca, Troy K. Benavidez,*
> *Ray Mares, Jr., and Randolph M. Sanchez*

Trent A. Howell
Jacqueline E. Davis
Holland & Hart, LLP
Santa Fe, New Mexico

-- and --

John D. Lovi
Lara E. Romansic
Michelle M. Oliver
Steptoe & Johnson, LLP
New York, New York

> *Attorneys for Defendants D.E. Shaw Group, D.E. Shaw & Co. L.P.,*
> *D.E. Shaw Real Estate Portfolios 1, LLC, D.E. Shaw & Co. LLC,*
> *D.E. Shaw & Co., Inc., D.E. Shaw Investment Group, LLC,*
> *D.E. Shaw & Co. II, Inc., George Rizk, and Anne Dinning*