## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LAWRENCE LANE, On Behalf of Himself,
and All Others Similarly Situated,

      Plaintiff,

vs.                                No. CIV 06-1071 JB/ACT

BARBARA PAGE, SOSIMO S. PADILLA, JOE S.
CHAVEZ, JOSIE CASTILLO, CHARLES V. PENA,
GEORGIA BACA, TROY K. BENAVIDEZ, RAY
MARES, JR., RANDOLPH M. SANCHEZ,
WESTLAND DEVELOPMENT COMPANY, INC.,
SUNCAL COMPANIES GROUP, THE D.E. SHAW
GROUP, D.E. SHAW & CO. L.P., D.E. SHAW
REAL ESTATE PORTFOLIOS 1, LLC, ("DESCO
REAL ESTATE"), D.E. SHAW & CO., LLC, D.E.
SHAW & CO., INC., D.E. SHAW INVESTMENT
GROUP, LLC, D.E. SHAW & CO. II, INC.,
GEORGE RIZK, ANNE DINNING, SCC NM
Member LLC, SCC WESTLAND VENTURE LLC,
WESTLAND HOLDCO, INC, SCC ACQUISITION
CORP, SCC ACQUISITIONS INC, WESTLAND
SPE GP, LLC, WESTLAND DEVCO, LP, and
WESTLAND DEVCO, LLC,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Plaintiff Lawrence Lane's Motion for

Protective Order, filed December 6, 2010 (Doc. 267); (ii) Plaintiff Lawrence Lane's Motion for

Protective Order Regarding Depositions of Nicholas Koluncich III, David Mitchell and Darren J.

Robbins, filed December 6, 2010 (Doc. 269); (iii) the DESCO Defendants' Motion for Protective

Order Prohibiting the Deposition of Anne Dinning, filed January 10, 2011 (Doc. 285); and (iv) the

DESCO Defendants' Motion to Strike Plaintiff's Reply in Further Support of Motion for Protective

Order or, in the Alternative, for Leave to File a Surreply, filed February 14, 2011 (Doc. 319).  The

Court held a hearing on February 17, 2011.  The primary issues are: (i) whether the Court should

issue a protective order prohibiting the deposition of Plaintiff Lawrence Lane, because the DESCO

Defendants'[1] notice was untimely; (ii) whether, pursuant to rule 26(c) of the Federal Rules of Civil

Procedure, the Court should issue a protective order prohibiting the depositions of Lane's counsel,

Nicholas Koluncich III, David Mitchell and Darren J. Robbins, because the DESCO Defendants'

notice was untimely, the DESCO Defendants did not serve proper deposition subpoenas, and the

DESCO Defendants have not shown the depositions are necessary; (iii) whether the Court should

strike Lanes' Memorandum of Law in Further Support of Motion for Protective Order, filed January

31, 2011 (Doc. 302), or, in the alternative, allow the DESCO Defendants to file a surreply, because

Lane advances new argument in his reply; and (iv) whether the Court should issue a protective order

prohibiting the deposition DESCO senior executive Anne Dinning, because she has limited relevant

knowledge about this matter, which is largely duplicative of other information that Lane has

obtained through discovery.  For the reasons stated on the record at the hearing: (i) the Court grants

Lane's Motion for Protective Order; (ii) the Court grants Lane's Motion for Protective Order

Regarding Depositions of Nicholas Koluncich III, David Mitchell and Darren J. Robbins without

prejudice to the DESCO Defendants renewing the their request to depose Lane's attorneys after

written discovery is exhausted; (iii) the Court denies the DESCO Defendants' Motion to Strike

Plaintiff's Reply in Further Support of Motion for Protective Order or, in the Alternative, for Leave

to File a Surreply, filed February 14, 2011 (Doc. 319); and (iv) the Court denies the DESCO

[1] The "DESCO Defendants" are Defendants D. E. Shaw Group, D. E. Shaw & Co. L.P., D. E. Shaw Real Estate Portfolios 1, L.L.C., D. E. Shaw & Co., L.L.C., D. E. Shaw & Co., Inc., D. E. Shaw Investment Group, LLC, D. E. Shaw & Co. II, Inc., George Rizk, and Anne Dinning.

Defendants' Motion for Protective Order Prohibiting the Deposition of Anne Dinning, and, in accordance with Lane and the DESCO Defendants' agreement at the hearing, Dinning's deposition shall be limited to four hours, and shall be taken in New York, New York at a location of the DESCO Defendants' counsel's choosing.

The Court must facilitate bringing this case to a resolution. With so many parties and with so many counsel, both current and former attorneys of record, the Court must enforce discovery deadlines unless there are compelling, good reasons required by the need to promote justice. Here, the Court sees no sound reasons to extend the deadline to allow the DESCO defendants' deposition of Plaintiff Lawrence Lane. The DESCO Defendants had approximately four months to get its discovery done, but they waited until the end of the discovery period to initiate the discovery against Lane, and then made a mistake in the calculation of the time for its notice. The Court might be persuaded to excuse the mistake if necessary to avoid some injustice, but no significant prejudice is present here. There is a deposition of Lane, and while the DESCO Defendants might have asked different questions aimed at their defense, a careful review of the transcript of Lane's deposition suggests that he would be unable to provide helpful answers; some -- if not all -- of the information the DESCO Defendants seek is likely in the heads of Lane's attorneys, but not in his. In sum, because the discovery against Lane was sought late, is beyond the discovery deadline, and is unlikely to be essential to the DESCO Defendants' defense, the Court will deny the DESCO Defendants' late attempt to conduct discovery against Lane. The Court must help bring this case to an end, and by allowing one party to conduct late discovery, the Court begins to favor one party over another, and give the perception it is putting its thumb on the scales. The Court wants to avoid that perception.

The Court has the same concerns about the proposed depositions of Lane's attorneys. Again, the DESCO Defendants did not serve discovery on Lane until late in the discovery process, and the DESCO Defendants concede that these depositions may not be necessary. The depositions of the attorneys were set in anticipation of inadequate alternative discovery. At this time, the parties are still negotiating about the adequacy of Lane's discovery, hence the notices are premature. The DESCO Defendants have thus not shown that there are no reasonable alternatives to the deposition of Lane's counsel. Accordingly, because the notices set the depositions beyond the discovery deadline, and because there is no showing that there are no reasonable alternatives to the depositions, the Court will deny the DESCO Defendants' requests for the deposition of Lane's attorneys.

There is no need to strike Lane's reply. If the DESCO Defendants want to file a surreply, they may. The Court, however, has held a hearing, and everyone was given all the time they wanted and needed to comment on the Dinning deposition dispute. Accordingly, the Court will deny the motion to strike.

The Court does not believe Dinning is an apex employee. She is a named Defendant and had some involvement in the facts of the case; she is not a non-Defendant and/or a high-ranking officer who has no knowledge about the facts of the case. She may have limited memory, but Lane is entitled to test that memory and attempt to refresh that memory. And while what she remembers may be redundant, that is not unusual in discovery. The Court sees no such reason to preclude the Dinning deposition.

**IT IS ORDERED** that: (i) Plaintiff Lawrence Lane's Motion for Protective Order, filed December 6, 2010 (Doc. 267), is granted; (ii) Plaintiff Lawrence Lane's Motion for Protective Order

Regarding Depositions of Nicholas Koluncich III, David Mitchell and Darren J. Robbins, filed

December 6, 2010 (Doc. 269), is granted; (iii) the DESCO Defendants' Motion for Protective Order

Prohibiting the Deposition of Anne Dinning, filed January 10, 2011 (Doc. 285), is denied; and (iv)

the DESCO Defendants' Motion to Strike Plaintiff's Reply in Further Support of Motion for

Protective Order or, in the Alternative, for Leave to File a Surreply, filed February 14, 2011 (Doc.

319), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Joe Kendall
Provost Umphrey Law Firm, LLP
Dallas, Texas

-- and --

Nicholas Koluncich, III
Law Offices of Nicholas Koluncich
Albuquerque, New Mexico

-- and --

Darren J. Robbins
Brian O. O'Mara
G. Paul Howe
Randall J. Baron
David W. Mitchell
Danielle S. Myers
Coughlin Stoia Geller Rudman & Robbins, LLP
San Diego, California

    *Attorneys for the Plaintiffs*

Richard A. Sandoval
Law Offices of Richard A. Sandoval
Albuquerque, New Mexico

*Attorney for Plaintiff-Intervenor Frank Martin*

Douglas G. Schneebeck
Brian K. Nichols
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

*Attorneys for Defendants Westland Development Company, Inc.
SCC Acquisition Corp., and SunCal Companies Group*

Paul Bessette
Jesse Z. Weiss
Kimberly G. Davis
Christopher W. Ahart
Yusuf A. Bajwa
Greenberg Traurig, LLP
Austin, Texas

-- and --

Juan L. Flores
Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A.
Albuquerque, New Mexico

*Attorneys for Defendants Barbara Page, Sosimo S. Padilla, Joe E. Chavez,
Josie Castillo, Charles V. Pena, Georgia Baca, Troy K. Benavidez,
Ray Mares, Jr., and Randolph M. Sanchez*

Mark F. Sheridan
Jacqueline E. Davis
Holland & Hart, LLP
Santa Fe, New Mexico

-- and --

John D. Lovi
Lara E. Romansic
Michelle M. Oliver
Steptoe & Johnson, LLP
New York, New York

*Attorneys for Defendants D.E. Shaw Group, D.E. Shaw & Co. L.P.,*
*   D.E. Shaw Real Estate Portfolios 1, LLC, D.E. Shaw & Co. LLC,*
*   D.E. Shaw & Co., Inc., D.E. Shaw Investment Group, LLC,*
*   D.E. Shaw & Co. II, Inc., George Rizk, and Anne Dinning*