UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| LAWRENCE LANE, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BARBARA PAGE, et al.,<br><br>Defendants. | No. Civ-06-1071-JB-ACT<br><br><u>CLASS ACTION</u><br><br>LEAD PLAINTIFF'S RESPONSE TO THE OBJECTORS' NOTICE OF FILING |

Counsel for the Objectors, George Barton, informed the Court at the March 20, 2012 hearing that the Objectors – or, more accurately, the Atrisco Heritage Foundation ("AHF") – had a list of shareholders who did not receive payment in the Merger. Mr. Barton expressed concern that the AHF's list included Class Members who were not on the list of actual Unpaid Class Members that Lead Counsel acquired via Westland's transfer agent for the Merger, BNY Mellon.[1] When advised of this fact, Lead Counsel stated that, upon receipt of the AHF's list, Lead Counsel would immediately compare the names on both lists to ensure that all Class Members who did not receive payment were included on the BNY Mellon list. At the conclusion of the hearing, Marcus Garcia, counsel for the Objectors ***and*** AHF, indicated he was not sure exactly what list the AHF had, or that it could even be provided to Lead Counsel at all, much less what the cost of producing that list would be. The Court then asked Mr. Garcia to submit a letter within ***ten days*** to inform the Court whether the AHF had a list of Class Members who did not receive payment and whether the AHF would share that information with Lead Counsel.

***Twenty-four days*** after the final approval hearing, the AHF finally submitted a letter to the Court confirming that it does ***not*** have a list identifying Class Members who did not receive payment and that it ***never*** had any such information. *See* Notice of Filing of Correspondence to the Honorable James O. Browning (Dkt. No. 417-1) ("AHF Letter"). As such, the AHF's purported concern about Lead Counsel's "reasonable best efforts to identify, locate, and make payment" to the Unpaid Class Members appears to have been ill-founded, at best. Stipulation of Settlement, ¶5.7

---

[1] The transcript of the hearing is not yet available to provide citations or directly quote counsels' representations herein.

(Dkt. No. 363).[2]

Instead, the AHF now purports to have an inventory of "***current heirs*** to the former shareholders of Westland and the ***current heirs*** to the Atrisco Land Grant." *See* AHF Letter at 1 (emphasis in original). This vast collection of names – ***without regard to Westland share ownership*** – is ***not*** the list of Class Members counsel told the Court the AHF possessed at the March 20th hearing. This alone warrants overruling the objection.

The AHF's letter highlights its fundamental misperception of who the Class Members are in this case. As the Court reiterated in preliminarily approving the Settlement, Class Members are only those people who "held the outstanding shares of Westland common stock as of the close of business on September 18, 2006." Order Preliminarily Approving Settlement and Providing for Notice, ¶2 (Dkt. No. 366). Consequently, the fact that the AHF "identified approximately 20,000 ***heirs*** whose parents or grandparents ***sold their shares years prior to the sale or are not yet shareholders***," is not relevant for the purposes of this Settlement. AHF Letter at 1;[3] *see also id.* at 2 (discussing yet another list of 8,000 people who are not just "former Westland shareholders," but also "***heirs and friends of AHF***"). However, ***people who sold their shares before the Merger, Atrisco heirs, and***

---

2 The AHF also surmises, without any support, that "the number of unredeemed shareholders in the amount of 170 to 270 seems low." AHF Letter at 3. Regardless of what the number "seems" like, BNY Mellon's records confirm that 287 Westland shareholders were not paid in the Merger. *See* Declaration of Darren J. Robbins in Support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement, ¶78 (Dkt. No. 372). And it is these 287 people Lead Counsel used their best efforts to identify, locate, and make payment to, as required by the Stipulation of Settlement. *See* Stipulation of Settlement, ¶5.7. Speculation that one "seems" to think additional people exist is not a basis to oppose the Settlement, or to embark on an unwarranted (and potentially expensive) fishing expedition. *See* AHF Letter at 3.

3 Citations and footnotes are omitted and emphasis is added unless otherwise noted.

***"friends of AHF" are not Class Members***. Indeed, the AHF still has not (and cannot) identify any Class Member who did not receive payment despite the various records it claims to possess.

Morphing the contours of their objection yet again, the AHF now claims to be concerned that "Plaintiffs only directed their efforts to locate former Westland shareholders to New Mexico and California." AHF Letter at 2.[4] The AHF's ever-evolving concerns remain ill-founded. First, the Objectors did not timely oppose the Settlement on this basis. *See* Dkt. No. 384-393. Nor did the Objectors offer this reason at the hearing. Moreover, as a non-Class Member, the AHF lacks standing to oppose any part of the Settlement. *See Heller v. Quovadx, Inc.*, 245 F. App'x 839, 842 (10th Cir. 2007) ("Rule 23(e)(4) of the Federal Rule of Civil Procedure provides only that 'class member[s] may object to a proposed settlement.' As such, 'non-class members have no standing to object . . . .'").

Second, and more to the point, the Claims Administrator mailed 7,409 Claim Packages to potential class members using the names and addresses obtained from BNY Mellon (Westland's transfer agent at the time of the Merger). *See* Declaration of Carole K. Sylvester, ¶¶3-4, 6 (Dkt. No. 374). These individual notices to former Westland shareholders were ***not*** restricted to New Mexico or California. The only part of the Notice program that was geographically restricted to New Mexico and California – where, even by the AHF's estimate, 73% of former shareholders reside – was the publication of the Summary Notice. *Id.*, ¶9. This combination of actual notice and

---

4 The AHF also seems to dispute Lead Counsel's statement that a majority of former Westland shareholders resided in New Mexico and California. *See* AHF Letter at 2. Yet, the AHF itself states that "73% (4,742) former Westland shareholders . . . live in New Mexico and California." *Id.* As 73% is clearly a majority, Lead Counsel is not sure what the AHF's point is.

publication more than meets the Rule 23 standards. *See* Reply Memorandum of Law in Further Support of Motion for Final Approval of Class Action Settlement (Dkt. No. 400) at 5-7.[5]

Having failed to provide the Court with the information it said it possessed on March 20th, the AHF unabashedly says it is now "***willing to locate*** former shareholders." AHF Letter at 3. This proffer is problematic for a host of reasons, not the least of which is that the AHF is asking the Court to delay payment of the Settlement Funds to Class Members for an indefinite period of time so that the AHF can belatedly undertake a comparison of BNY Mellon's list of actual Unpaid Class Members to the AHF's own lists of 20,000 or 8,000 Atrisco heirs and "friends of AHF." *Id*. at 2.[6] Incredibly, the AHF also asks to be paid "$50,000 per year for the personnel costs and overhead" to do so. And, that cost would be on top of an "initial six (6) month period [that] would cost $25,000 plus costs such as direct mail and web site publication." *Id.* These fees appear to be in addition to

---

[5] Citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (holding that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *Gottlieb v. Wiles*, 11 F.3d 1004, 1013 (10th Cir. 1993), *overruled in part on other grounds by Devlin v. Scardelletti*, 536 U.S. 1 (2002) (rejecting objector's argument that settlement notice "was not the best notice practicable under the circumstances" because "it did not assure individual notice," among other things because "there is no such rigid requirement under Rule 23(e)"); *DeJulius v. New Eng. Health Care Emps. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) (rejecting objections to a notice and holding that the "due process right does not require ***actual*** notice to each party intended to be bound by the adjudication of a representative action") (emphasis in original).

[6] The AHF also tries to muddy the waters surrounding Westland DevCo's $2.2 million contribution to the Settlement. *See* AHF Letter at 2. But as counsel for the Settling Parties informed the Court at the hearing, Lead Counsel was instrumental in negotiating with Westland DevCo's counsel to use these funds to settle the Litigation. The AHF's own purported awareness of the remaining merger funds – and affirmative decision not to diligently pursue the funds – while troubling for other reasons, has no bearing on the Settlement. *See* Exs. A & B hereto (complaint and dismissal for lack of prosecution).

any other charges Raymond James Financial Services incurs assisting the AHF as some sort of additional claims administrator. *Id.* The motives underlying this proposal are self-evident.

Despite its representations to the contrary at the March 20th hearing, the AHF did not have a list of Class Members who did not receive payment. It still does not have a list of Class Members who did not receive payment. Furthermore, the AHF lacks standing to object to the Settlement. Its persistent attempts to divert the Settlement proceeds away from Class Members should be denied.

DATED: April 20, 2012

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP

s/ Darren J. Robbins
DARREN J. ROBBINS

DAVID W. MITCHELL
BRIAN O. O'MARA
ROBERT R. HENSSLER JR.
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiff

LAW OFFICES OF NICHOLAS
KOLUNCICH III, LLC
NICHOLAS KOLUNCICH III
6501 Americas Parkway NE
One Park Square – Suite 820
Albuquerque, NM 87110
Telephone: 505/881-2228
505/881-4288 (fax)

Liaison Counsel

CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 20, 2012.

s/ Darren J. Robbins
DARREN J. ROBBINS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: darrenr@rgrdlaw.com

# Mailing Information for a Case 1:06-cv-01071-JB-ACT

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Christopher W. Ahart**
  ahartc@gtlaw.com
- **Yusuf A. Bajwa**
  bajway@gtlaw.com,worshamj@gtlaw.com,bryankat@gtlaw.com
- **Randall J Baron**
  rbaron@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **George Barton**
  gab@georgebartonlaw.com
- **Paul R. Bessette**
  bessettep@gtlaw.com,worshamj@gtlaw.com,daviskg@gtlaw.com,cisnerosc@gtlaw.com,auslitdock@gtlaw.com
- **Jacqueline E. Davis**
  jedavis@hollandhart.com,rsougstad@hollandhart.com,intaketeam@hollandhart.com
- **Kimberly G. Davis**
  daviskg@gtlaw.com,worshamj@gtlaw.com,bryankat@gtlaw.com
- **Paul M. Fish**
  pfish@modrall.com,michelle@modrall.com
- **Juan L Flores**
  jflores@stelznerlaw.com,jd@stelznerlaw.com,jgarcia@stelznerlaw.com
- **Marcus E. Garcia**
  mgarcia@sandialaw.com,jbarela@sandialaw.com
- **Veroncia S Gunderson**
  vgunderson@millerbarondess.com
- **Jay D Hertz**
  jdh@sutinfirm.com,njf@sutinfirm.com
- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com,hlindley@kendalllawgroup.com
- **Nicholas Koluncich**
  nkoluncich@newmexicoclassactions.com,lisay@newmexicoclassactions.com
- **John D. Lovi**
  jlovi@steptoe.com
- **Frank Martin**
  rsandoval@branchlawfirm.com
- **Kristina Martinez**
  kemartinez@rothsteinlaw.com,lstroud@rothsteinlaw.com

- **Louis R Miller**
  smiller@millerbarondess.com
- **David W. Mitchell**
  davidm@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Danielle S. Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com,lmix@rgrdlaw.com
- **Brian K Nichols**
  bkn@modrall.com,doloress@modrall.com
- **Brian O. O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Michelle M. Oliver**
  moliver@steptoe.com
- **Michelle Ostrye**
  mko@sutinfirm.com,njf@sutinfirm.com,tlr@sutinfirm.com
- **Matthew S Rappaport**
  mrappaport@mstlaw.com,ljbonds@mstlaw.com
- **Darren J Robbins**
  e_file_sd@rgrdlaw.com
- **Lara E. Romansic**
  lromansic@steptoe.com
- **Richard A Sandoval**
  rick@sandovalfirm.com
- **Douglas G Schneebeck**
  dschneebeck@modrall.com,victoriaa@modrall.com,jlovi@steptoe.com,ericp@modrall.com
- **Mark F. Sheridan**
  msheridan@hollandhart.com,rsougstad@hollandhart.com,intaketeam@hollandhart.com
- **Andrew J. Simons**
  ajs@sutinfirm.com
- **Jesse Z. Weiss**
  weissjz@gtlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Lani A Adler**
K&L Gates LLP
599 Lexington Avenue
New York, NY 10022-6030